THERESA O. SISTI ET AL V. GUY A. THOMPSON,
TRUSTEE FOR ST. LOUIS, BROWNSVILLE &
MEXICO RAILWAY COMPANY.

No. A-2479. Decided April 26, 1950.
Rehearing overruled May 24, 1950.
(229 S. W., 2d Series, 610.)

190

*Allen, Smith & Neal, Edward L. Dunlap, J. Barney Daniel* and *Ira J. Allen,* all of Houston, for petitioners.

The Court of Civil Appeals erred in holding that the evidentiary element of probable extrication is an essential part of a discovered peril submission. Freeman v. Galveston, H. & S. A. Ry. Co., 285 S. W. 607; Phillips v. Stanolind Oil & Gas Co., 170 S. W. 2d 802; Gillette Motor Trans. Co. v. Whitfield, 145 Texas 571, 200 S. W. 2d 624.

*John G. Stofer,* of Victoria, for respondent.

It was error on the part of the trial court to overrule defendant's objection to the court's charge, because the court did not at any place in his charge require the jury to determine whether the operatives of defendant's train ever discovered or realized that the said Sisti would not extricate himself from the perilous position he occupied prior to the collision. Texas & Pac. Ry. Co. v. Cassaday, 148 S. W. 2d 471; Bradley v. Howell, 126 S. W. 2d 547; Beatty v. Thompson, 176 S. W. 2d 795.

JUSTICE HARVEY delivered the opinion of the Court.

This appeal relates to a damage suit in which petitioners

sued respondent in the District Court of Victoria County upon a cause of action arising out of a railroad crossing accident, the ground of recovery being predicated upon the doctrine of discovered peril.

Mrs. Theresa O. Sisti and two minor sons, the surviving heirs at law of Sammie Frank Sisti, together with his mother, sued Guy A. Thompson, Trustee, alleging that Sammie Frank Sisti was killed on February 6, 1948, at a railroad crossing near Bloomington, Victoria County, Texas, when a road maintenance machine he was operating was struck by one of the defendant's passenger trains. The accident occurred on a clear afternoon about 2:45 o'clock. The train was approaching the depot at Bloomington; the track was straight for more than a mile in the direction of the approaching train, which was composed of a Diesel locomotive and five cars. The engine crew on the locomotive had an unobstructed view of the crossing for a distance of 2900 feet; the railroad track in that vicinity was practically straight and had a slight incline up hill. Sisti was operating a large road maintainer which was about 27 feet long and 8 feet high; in attempting to cross the railroad track with the machine some part of it hung up on the rails and his machine was stalled. The headlight on the train was burning and the whistle on the engine was blown continuously for a distance of about 2900 feet from the point where the maintainer first became visible, or could be seen by the entire crew, until about the time that the collision took place. In the record there is some evidence that the train could have stopped in safety within a distance of 350 to 400 feet. No attempt was made to stop the train until shortly prior to the collision, and it travelled something like 225 feet along the track after striking the road machine. One of plaintiffs' witnesses testified that the train came to a stop with the engine about 180 feet from the crossing. These estimated distances are indicative of an effort on the part of the operator to stop the train. For some time before the collision, Sisti was moving the grader back and forth on the crossing for short distances, apparently in an effort to clear the crossing. The case was tried solely on the theory of discovered peril; no other issues relating to the question of liability were submitted to the jury, and there was no evidence on the question of defendant's negligence relied on other than under the doctrine in question. The trial court overruled defendant's motion for an instructed verdict and upon the answers to issues submitted to the jury, the court rendered judgment for the plaintiffs, except Sisti's mother who was denied any recovery, in the sum of $29,350.00.

■ Upon appeal, the Court of Civil Appeals held that the trial court properly permitted the case to go to the jury under the theory of last clear chance, or discovered peril, by reason of the facts which appear in the record relating to the clear visibility on the occasion in question, the continued blowing of the engine whistle, the nature of the maintenance equipment, the vain attempt of Sisti to move the grader from the track by operating it forward and backward, and the failure of the engine crew to testify. 224 S. W. (2d) 500. We are of the opinion that, under the facts, a case for the jury was made out and that the trial court and the Court of Civil Appeals were correct in their holding in this respect. However, the case was reversed and remanded because in the opinion of the Court of Civil Appeals the trial court committed reversible error in failing to submit the element of probable extrication as a part of the issues relating to discovered peril.

The case was submitted to the jury by the court upon the theory of discovered peril, as stated above, which was the only basis of recovery alleged and presented to the jury, as follows:

### SPECIAL ISSUE NO. 1.

Do you find from a preponderance of the evidence that the deceased, Sammie Frank Sisti, was in a position of peril at such a time before the collision of the train and the road maintainer that the engineer of the train, by the use of all the means at his command and in safety to himself and the train he was operating and the occupants thereof, could have avoided the injury to or death of Sammie Frank Sisti?

Answer 'We do' or 'We do not'.

We, the jury, answer *'We do'*.

If you have answered Special Issue No. 1 'We do', and only in that event, then you will answer:

### SPECIAL ISSUE NO. 2.

Do you find from a preponderance of the evidence that the engineer operating defendant's locomotive discovered and realized the perilous position, if any, of Sammie Frank Sisti and the road maintainer which he was operating at the crossing in question in time so that, by the exercise of ordinary care upon his part, and with the means at hand and in safety to himself and the train he was operating and the occupants thereof, he could have avoided the injury to or death of Sammie Frank Sisti?

Answer 'We do' or 'We do not.'

We, the jury, answer *'We do.'*

If you have answered Special Issue No. 2 'We do,' and only in that event, then you will answer:

### SPECIAL ISSUE NO. 3.

Do you find from a preponderance of the evidence that the engineer operating defendant's locomotive, after the discovery and realization, if any, of the perilous position, if any, of Sammie Frank Sisti and the road maintainer which he was operating, failed to exercise ordinary care in the use of the means at hand consistent with the safety of himself and the train he was operating and the occupants thereof, to avoid the injury to or death of Sammie Frank Sisti?

Answer 'We do' or 'We do not'.

We, the jury, answer *'We do.'* "

2 The defendant in the trial court, respondent here, objected to the above form of submission for the reason that the issues as framed did not "inquire whether the operatives of defendant's train ever discovered or realized that the said Sammie Frank Sisti would not extricate himself from the perilous position he occupied prior to the collision." Since the issues relating to discovered peril were those of the plaintiff, the Court of Civil Appeals correctly held that the defendant's objection properly raised the point. (Rule 279, T. R. C. P. cited.) The Court of Civil Appeals further held that the element of probability of extrication from peril, when raised by the evidence, is an essential part of the submission of issues presenting the theory of discovered peril.

Petitioners, in their assigned Points of Error, present one question only for our determination, which is that the Court of Civil Appeals erred in holding that it was necessary for the trial court, in submitting discovered peril, to inquire whether the train operative realized in time to avoid the injury that the party in peril would not extricate himself. In this connection, they submit that such element of realization of the improbability of extrication, if it is a necessary part of the submission of the doctrine of discovered peril, was contained in Issue No. 2 of the trial court's charge. Hence, the scope of inquiry herein is narrowed considerably to what it was in the Court of Civil Appeals, and our discussion will be limited to the question of probability of extrication as an essential part of a submission of dis-

covered peril, and whether or not the issues given in the instant case properly presented this concept.

■ In its ordinary application, the doctrine of discovered peril presupposes negligence on the part of the one who suffers injury to his person or property, which, in the absence of the doctrine, renders him guilty of contributory negligence and prevents a recovery by him irrespective of negligence on the part of the defendant. This doctrine of last clear chance is regarded as a limitation of, or exception to, the general rule of contributory negligence. There are cases, however, which question the necessity for the presence of negligence on the part of the plaintiff in order that the doctrine should apply; as, for instance, the case of Leap v. Braziel, 93 S. W. (2d) 1213, modified on appeal 121 S. W. (2d) 334; and the case of Southwestern Bell Telephone Company v. Ferris, 89 S. W. (2d) 229. In the instant case we are not called upon to comment on this question, but reference is made to these holdings by reason of the interesting viewpoint presented by them in regard to the matter.

The cases dealing with the application of the doctrine of last clear chance, commonly referred to in our decisions as the doctrine of discovered peril, fall into several categories or classifications, by reason of the different factual situations involved. Without naming them all, we shall refer to two categories into which most cases may be placed in order to illustrate the legal propositions hereinafter to be stated. These categories in question are stated quite clearly in Restatement of the Law of Torts, Vol. 2, p. 1253. Sec. 479. The first of these classifications, as discussed in Sec. 479, supra, deals with a situation where the plaintiff negligently has placed himself in a perilous position from which he cannot, at the time of the accident, extricate himself. In such cases the element of probable extrication, of course, is not relevant. The second category, or classification, discussed by the cited authority in Sec. 480, page 1257, has to do with situations in which the plaintiff, although "by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant (a) knew of the plaintiff's situation, and (b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and (c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff." Under this category it is not sufficient that the defendant should see the plaintiff in a position which would be perilous if the plaintiff were not aware of the peril. It is essential that the defendant

must also realize, or have reason to realize, that the plaintiff is inattentive and therefore is in peril. In a factual situation of this kind, the defendant is entitled to assume that the plaintiff is giving reasonable attention to his surroundings; that one in such a place of peril will obey the instinctive urge of self-preservation to the extent that he will remove himself from the impending danger. As a consequence, the defendant is liable only when he realizes, or has reason to realize, the inattentiveness of the plaintiff and the position which he occupies. In other words, the defendant has a right to rely upon the fact that the plaintiff will take such steps as are necessary to extricate himself from the perilous position in which he is situated. The text writers are in agreement on this proposition.

In 92 Am. Law Rev., p. 86, et seq., there is an extended discussion of a fact situation where the danger to plaintiff is actually discovered by defendant, but the plaintiff was able to escape. 20 R. C. L., p. 143, Sec. 117, comments as follows:

"Not only must the defendant have had actual knowledge of the plaintiff's dangerous situation, but he must have been aware also of the plaintiff's unconsciousness of or inability to avert the peril. * * * If, on the other hand, the trainmen see a person on or near the track and there is nothing to indicate that he is unconscious of danger from the train, no duty devolves upon them to stop. And so where the motorman of an electric car sees a person on the track at a place where the car is plainly visible, he has the right to assume that such person will use his senses and get off the track in time to avoid injury. The doctrine of 'last clear chance', under such circumstances, does not require the motorman to exercise care and diligence to ascertain whether such person, when first seen on the track, is so intoxicated that he will fail to use his senses and to avoid obvious danger. It follows from what has been stated that if the trainmen, being careful and experienced individuals, in the exercise of their best discretion do not regard a person on the track as being in danger, until, on getting nearer to him, he appears to be unconscious of his peril, and they then do all in their power to prevent an injury to him the company is not liable."

The authority just above referred to is quoted in the case of Cobb v. Texas & N. O. Ry. Co., 107 S. W. (2d) 670, at p. 674, in support of the conclusions reached in that case. The quotation from R. C. L., supra, also was quoted and approved in the case of Northern Texas Traction Company v. Southern Surety Company, 250 S. W. 229.

■ 30 Tex. Jur., page 688, par. 37, makes this observation: "If, however, the trainmen had 'reason to believe' that the victim would 'free himself from the impending danger,' the defendant is not to be held liable," citing the case of Horwitz v. Jefferson County Traction Co., 188 S. W. 26, error refused. In that case the Beaumont Court of Civil Appeals held that in order for the plaintiff to recover under the law of discovered peril, "he must show by a preponderance of the evidence: (1) that he was in a perilous position; (2) that the operatives had discovered his perilous position; (3) that the operatives had discovered it in time to have prevented the injury, with the means at hand, with safety to the passengers on the car, and the car as well; (4) the operatives, after discovering his peril had no reason to believe that he could or would free himself from the impending injury." (Citing many cases.) Also 22 R. C. L. at p. 964, Sec. 198, it is said that where one is discovered some distance ahead of a train, and a timely warning is given, those in charge of the train can presume that such a person "is in possession of all his faculties and that prompted by instinct of self-preservation, he will leave the track and place himself beyond the reach of danger in time to escape injury, and are not bound to stop or check the train, unless and until the circumstances make it apparent that the person is unaware of its approach, or is unable to extricate himself from the dangerous position."

■ 45 C. J., Sec. 545, p. 993, has this to say: "Thus there can be no recovery by one who has placed himself or his property in a position of peril, if, being aware of the danger, he fails to extricate himself or his property when, by the exercise of ordinary care, he could have done so."

The Texas cases that discuss the point here under consideration are rather harmonious in their holdings: The case of Beatty v. Thompson, Trustee, 176 S. W. (2d) 795, states: "The operatives of the train had a right to presume that Beatty would drive his automobile off the track and avert a collision, and only when it became evident that he was not going to do so did it become their duty to use all the means at hand to stop the train." In support of its holding, the San Antonio Court of Civil Appeals in the case above cited, quoted from the case of Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas 196, 59 S. W. 533, by the Supreme Court of Texas as follows: "A person walking negligently along a railroad track in front of a moving train will surely be hurt unless the train stops, or he gets out of its way. In a sense he may be said to be in danger, but those controlling the train are not required to assume that, by his negligent failure to act, he will remain in danger. It is only when

they have realized that he cannot or will not get out of the way that the duty of averting a collision arises." The form of the submission of the "probability of extrication" theory in question No. 1 in the Beatty case appears at page 795 of the court's opinion. In the case of Missouri K. & T. Ry. Co. of Texas v. Cunningham, 118 Texas 607, 23 S. W. (2d) 343, by the Commission of Appeals of Texas, the elements that must be raised in order to present a case of discovered peril are stated to be that the deceased was in a position of peril and "second, that he could not, or would not, in all probability, extricate himself from the dangerous situation; third, that after seeing the perilous situation of the deceased and realizing that he probably would not extricate himself therefrom, the operatives of the train fail to exercise ordinary care in the use of all the means at their command to avoid the collision; fourth, that as a result of such failure, the deceased was injured."

A case that quite often is cited in relation to the point under consideration is Houston & T. C. Ry. Co. v. O'Donnell, 99 Texas 636, 92 S. W. 409 (S. Ct. of Texas). In that case the judgment of the Court of Civil Appeals was reversed and remanded because in the charge the court did not fully present to the jury the issue of discovered peril. We quote from this decision as follows:

"* * * The engineman, being ignorant of O'Donnell's deafness, were charged with no duty which would arise from the existence of that infirmity; but they had the right to treat him as a person in full possession of his senses, and, seeing him near the track, might presume that he would make proper use of his faculties, and would get far enough away from the track to insure his own safety. * * * If O'Donnell was negligent to render the railroad company liable, the evidence must show that O'Donnell was in a place of danger when seen by the employees, that the men in charge of the engine saw him and realized that he was in a dangerous position, and also that he either could not or would not probably extricate himself from the dangerous situation, or that O'Donnell would probably put himself in danger."

Typical of the many decisions in other jurisdictions that announce the same rule is the case of Caplan v. Arndt, 123 Conn. 585, 119 A. L. R. 1037, 196 Atl. 631. In that case the conditions under which the doctrine of last clear chance applies are stated by the court to be well established and are as follows:

"(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes,

or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities for so doing; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care."

The respondent in this suit is in accord with petitioners as to the correctness of the issues submitting discovered peril in applicable cases. Its position, however, is that, while the submission is proper in so far as abstract principles are concerned, it is not sufficient to present the petitioners' case under the fact situation here involved. We agree with this position. The case cited by the petitioners are not applicable in that in those cases the issue of probable extrication was not presented to nor discussed by the courts, or they were cases in which the facts in themselves showed that the injured party was in a position of peril from which he could not extricate himself. For instance, in the case of Texas & N. O. Ry. Co. v. Krasoff, 144 Texas 436, 191 S. W. (2d) 1, the correct and approved issues presenting the doctrine of discovered peril were given, but the case is distinguishable from the instant case in several important particulars. The element of probable extrication was not presented in that case; the facts showed that the plaintiff's truck was approaching a grade crossing, and that the engineer of the train did not sound the whistle after discovering that Krasoff was in peril, and so on. Under the facts of the case it was held that the jury finding that the engineer failed to use ordinary care to avoid the collision was warranted by the evidence.

Petitioners cite the case of Texas & N. O. Ry. Co. v. Crow, 101 S. W. (2d) 274, Id. 132 Texas 465, 123 S. W. (2d) 649, in support of their contention that the element of probable extrication is not essential in the submission of a case involving peril. In that case the party who suffered fatal injuries was approaching a crossing in his automobile; a fireman on the engine testified that he saw the automobile as it approached the crossing and thought it was going to stop. The jury found that the engine whistle was not blown nor was any kind of warning given. The Court of Civil Appeals held that by reason of the facts existing at the time of the accident it was the duty of the train operative to have sounded the whistle and perhaps thereby have avoided the accident. The court observed that the driver of the car apparently was ignorant of the approach of the train and that the train operatives should have foreseen that it was the purpose of the deceased to drive over the crossing. Writ of error was

granted by the Supreme Court and the case was reversed and remanded by reason of errors in the court's charge. The. question of probable extrication was not discussed by the court in its opinion. Under the many authorities in this and in other jurisdictions, where this question has been passed upon, there being quite a degree of unanimity in these various holdings, we are of the opinion that in cases where the evidence raises the issue, the element of probable extrication is an essential part of a plaintiff's case and must be included as a part of the issues presenting discovered peril. Texas &. N. O. R. R. Co., v. Grace, 204 S. W. (2d) 857; Blasdell v. Port Terminal Railroad Association, 227 S. W. 2d 248.

■ With reference to the proposition advanced by the petitioners that if the concept of probable extrication is a necessary element in submitting the doctrine of discovered peril from a plaintiff's standpoint, then the issues as given in the instant case adequately present the point, it is our view that the questions propounded are fatally defective in this regard. In substance, these three issues inquire if Sisti was in a position of peril before the collision; if the engineer discovered and realized his perilous position; and if he failed to exercise ordinary care in the use of the means at hand consistent with the safety of himself and the train and its occupants to avoid the injury to Sisti. The element of probable extrication is entirely absent from these issues. From the time that Sisti first became visible to the engineer at a distance of something like 2900 feet, it might be said that he was in a position of peril, to the extent, at least, that if he did not get off of the track, or if the engineer did not stop, there would be a collision. Under the facts as existing in this case, it was only when it became apparent to the train operative that Sisti was unconscious of his peril and that he was not going to remove himself from his perilous situation that the rights of the injured person under the doctrine of discovered peril arose.

Petitioners apparently derive comfort from the opinion in the case of International & Great Northern Ry. Co. v. Munn, 46 Texas Civ. App., 276, 102 S. W. 442, and cite the case as holding that requested charges to the effect that an operative is not required to try to stop his train until he has actual knowledge that the person in peril would not get out of the way of the train have been consistently and uniformly refused. The correctness of that statement of the legal principle referred to is not pertinent in this case. Actual knowledge of the perilous position of one in the path of an oncoming train is not the point in issue herein. In the Munn case, supra, a general charge was

given to the jury, and in the charge was an instruction to the effect that under the facts of the case it only became the operative's duty to use all the means under his control consistent with the train's safety to prevent injuring deceased at such time that it reasonably appeared to him that the deceased was not going to leave the track. As a matter of fact, that decision is authority contrary to petitioner's contention herein.

It could hardly be questioned that in the submission of this type of case under a general charge, if the court failed to take into consideration, and did not give a charge on the element of probable extrication", that it would be reversible error. Surely, the same thing is true if a case is submitted on special sisues and the concept of probable extrication is omitted from the issues presenting the doctrine of last clear chance. The facts of different cases determine the wording of the court's charge on the issue to be submitted; there must be some flexibility in applying general definitions and in the giving of special issues in order to meet the requirements of individual cases. For instance, the customary definition of "negligence" in a tort action would not be sufficient in all factual situations. The degree of care to be exercised in varying circumstances is different; in some situations a definition of "ordinary care" would be necessary, while in other situations the definition of a "high degree of care" would be required.

To require that one who invokes the doctrine of discovered peril must secure an affirmative finding in his favor in order to prevail in a cause of action based on a right to recover under such doctrine, does not impose an undue burden upon such a claimant inasmuch as he must rely on the application of the doctrine in order to relieve himself of the consequences of his own contributory negligence. As a necessary part of the submission of discovered peril in this particular type of case, there must be a clear and direct submission to the jury of the element of probable extrication.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered April 26, 1950.

Justice Griffin joined by Justices Brewster and Garwood, dissenting.

I find myself unable to agree with the majority opinion holding the issues as submitted to the jury erroneous. That the doc-

trine of "probable extrication" is present, I agree. I believe that such doctrine is included in the trial court's issues as submitted, and that the parties were given the benefit of such doctrine.

The issues are set out in the majority opinion and I will refer to them as desired. To the three time-honored elements of discovered peril as set out in Turner v. Texas Co., (1938) 138 Texas 380, 159 S. W. (2d) 112, an additional element consisting of the doctrine of "probable extrication from the danger" is set forth in Missouri, K. & T. Ry. Co. v. Cunningham, 118 Texas 607, 23 S. W. (2d) 343 (Comm. App. 1930), and other cases following this principle.

That case is the strongest one on the doctrine of "probable extrication" and a third element of discovered peril is stated to be "* * * third, that after seeing the perilous situation of the deceased, and realizing that he probably would not extricate himself therefrom, the operatives of the train failed to exercise ordinary care, etc." In other words the train crew must (a) see the perilous situation and (b) realize that he probably will not extricate himself therefrom, etc.

Special Issue No. 2, asked if "* * * the engineer * * * discovered and realized the perilous position, if any, etc." Before the jury could answer this in the affirmative they must find from a preponderance of the evidence (a) that the engineer discovered the perilous position, if any, of the deceased, and (b) *in addition thereto* must have *realized the perilous position* of the deceased. When the engineer saw the deceased on the track rocking the road grader back and forth so as to get off the track (some 2900 feet) he discovered the perilous position of the deceased. Under the court's charge that was not sufficient, but the engineer must also have *realized* the deceased's perilous position. When would he realize this? Patently, not until he realized that the deceased could not or would not be able to get off the track or out of the way of the oncoming train. This is just another way of saying that the deceased probably would not extricate himself from such perilous position. Until the engineer *realized* that fact, he had a right to rely upon the deceased extricating himself. To realize that deceased was in a perilous position it must be apparent or reasonably apparent he cannot or will not be able to get out of the way. Until that state of facts exists no duty rests upon the engineer. He does not realize the perilous position of deceased prior to that instant. The charge as given requires that the engineer must have realized such situation on the part of the deceased. To require that the court shall

add to his charge "probable extrication" is merely to require a duplication of words.

Realize is defined by Webster to mean: "1. To make real; to convert from the imaginary or fictitious into the actual; * * * 5. to conceive vividly as real; to apprehend clearly; as, he realized his danger."

It is impossible for me to comprehend that the engineer could realize the "perilous position" of the deceased, until the engineer realized that deceased could not or would not probably extricate himself from such perilous position.

I believe this view is substantially expressed by Judge Williams in Missouri, K. & T. R. Co. of Texas v. Reynolds (1909), 103 Texas 31, 122 S. W. 531. A general charge was given which was objected to because it failed to use the word "realized" instead of the wording used. This objection is disposed of as follows:

"Further objection is made to the charge because it did not require that the employes should have 'realized' the danger, but made it suffice to raise the duty defined if they had 'reasonable ground to believe, and it was apparent to them,' that plaintiff was in danger. For practical purposes, we think a person must be treated as knowing such a fact when he has reason to believe it and when it is apparent to him. When facts are seen by those operating an engine which ought to produce the conclusion in the ordinary mind, they must act upon them. No other rule could be practically applied."

This is a holding that when a thing is "reasonably apparent or there is reasonable grounds to believe (it)" it has been or should be "realized."

The case of Beatty et al. v. Thompson (1943) Tex. Civ. App., 176 S. W. (2d) 795, writ refused want of merit, sets out Question No. 1, submitting the doctrine of discovered peril. It will be noticed that (a) covers the element of discovery of the perilous position and (b) covers the element of "probable ertrication" from such perilous situation. To my mind (b) is only asking the jury if the trainmen "realized" the perilous situation of deceased, and nothing more nor less. Burlington-Rock Island R. Co. v. Pruitt (1942), Tex. Civ. App., 160 S. W. (2d) 105, writ refused in discussing the doctrine of discovered peril states:

"The question then arises: Where is the evidence to sustain the jury's finding that the operator of the train, after discovering Warren Pruitt in a perilous position on the trestle, *realized that Warren would not likely remove himself from danger in time to avoid injury*," (Emphasis supplied).

Again, to my mind, this holding of the court is saying that "realized" includes the doctrine of "probable extrication." And so it is with the other authorities on this question.

38 Am. Jur. p. 905, Negligence, Sec. 219, says: "Discovery of the danger, or a duty to discover it, when offered as a predicate for a charge of negligence on the part of the defendant after the peril arose, involves something more than a mere discovery or the duty to discover the injured person; it includes a duty in the circumstances *to appreciate* the danger in time to take the steps necessary to avert the accident. It has been said that last clear chance implies thought, appreciation, mental direction, and lapse of sufficient time effectually to act upon the impulse to save another from injury." In other words to *realize* that deceased will not extricate himself.

Turner v. Texas Co. supra, and Austin v. De George (1932) Tex. Civ. App., 55 S. W. (2d) 585, 1. c. bottom of 2nd col. p. 586, writ dismissed, to my mind hold that no separate issue is required on "possible extrication" for that fact alone is not sufficient to constitute negligence, but only when taken in connection with the other elements.

I cannot distinguish the case at bar from the Goodwin case (1931) Tex. Civ. App., 40 S. W. (2d) 182, writ refused. In the Goodwin case the issue submitting discovered peril did not require that the train operatives "realize" the perilous situation of the driver of the car, but only that the operatives "knew" of the perilous situation in time to avoid the collision, etc. A recovery for plaintiff was affirmed and writ refused.

See note in 12 Tex. Law Review, p. 515, "Negligence-Discovered Peril-Realization of Plaintiff's Danger," for a good discussion of this point and which, I believe, clearly sustains my position.

I am reluctant to add redundant words to the well-established issues of discovered peril which have been worked out by many cases over a long period of judicial pronouncements. I feel that we will have an uncertainty regarding when "probable extrication" is in a case, and when it is not, that will prolong litigation

unduly and prevent a disposition of litigation within a reasonable time. I sincerely believe that the charge as given covered this doctrine, and will apply so as to protect the rights of all parties. Therefore I am opposed to adding useless words not needed to cover the meaning already adequately stated by using the words "realize" or "realized."

I would affirm the trial court's judgment.

Opinion delivered April 26, 1950.

Rehearing overruled May 24, 1950.