Harriett GUYGER et al., Appellants,

v.

HAMILTON TRAILER COMPANY, Inc.,
Appellee.

No. 3297.

Court of Civil Appeals of Texas.
Eastland.

July 12, 1957.

driver saw Guyger start across a public road, knew he was in a position of peril and negligently failed to stop or slow his truck; that on the contrary, he increased his speed and turned his truck "sharply to the left" in an attempt to go around Mr. Guyger and in so doing hit Guyger; that said driver was guilty of negligence which was a proximate cause of the death of Mr. Guyger (a) in failing to keep a proper lookout; (b) in failing to stop or to check the speed of the truck before striking Guyger and (c) in turning to the left, instead of driving straight ahead or to the right. Plaintiffs alleged said driver realized deceased was in a position of peril when the truck was "at least 75 feet" from the place where the truck struck Guyger and that he could have stopped his truck within a distance of 15 or 20 feet by applying his brakes and could have slowed the truck or driven to the right but that he negligently failed to apply his brakes or turn to the right.

Defendant answered that the death of Mr. Guyger was caused by his own negligence; that immediately before the accident Guyger was standing near the north side of the road; that he appeared to see and to hear the approaching truck; that he continued to stand there until the truck arrived at a point nearly opposite him, when he darted across the road into the path of the truck, at a time when the driver could not avoid striking him, and ran into the side of the truck; that deceased failed to keep a proper lookout and negligently attempted to cross the road when the truck was so near that it constituted an immediate hazard; that after the danger of the collision became imminent Guyger failed to use the means at his command to avoid the collision and that each of said acts of Guyger was a proximate cause of the collision.

A jury found that (1) the truck driver did not fail to keep a proper lookout for anyone walking across the road just prior to the accident; that (4) he failed to check his speed or stop before striking Guyger

Gib Callaway, Brownwood, for appellants.

Woodruff & Holloway, Brownwood, for appellee.

GRISSOM, Chief Justice.

Charles B. Guyger was killed by a truck driven by Henry Pettijohn, an employee of Hamilton Trailer Company, and Guyger's surviving wife and child sued said company for damages. They alleged that Mr. Guyger was 77 years of age; that said truck

but that (5) this was not negligence. The jury found that (7) the truck driver discovered Guyger was in a position of peril immediately prior to the collision but that (8) he did not make such discovery in time to avoid striking and killing the deceased.

The jury found that (11) Guyger attempted to cross the road when the truck was in such close proximity to him as to constitute an immediate and obvious hazard and that (12) this was negligence and (13) a proximate cause of the collision; that (13-A) after deceased realized he was in imminent danger he failed to use all the means at his command to avoid the collision, and that (14) this was negligence and (15) a proximate cause of the accident. The jury found that (16) Guyger failed to keep a proper lookout for defendant's truck immediately prior to the accident and that (17) this was negligence and (18) a proximate cause of the accident. The jury also found that (19) the collision was not an unavoidable accident. The court rendered judgment on the verdict for defendant and plaintiffs have appealed.

■ After the evidence had closed plaintiffs requested the court to instruct the jury that since "the issue of discovered peril is plead and relied on by the plaintiff, and since it is shown by the undisputed evidence and by the overwhelming weight of the evidence that the driver of the defendant's truck *discovered that the deceased was in a position of peril at a time when the said truck was about seventy-five feet distant from the said deceased, and that it was possible for said driver, consistently with his own safety, to have avoided striking the deceased, all other issues of negligence have become immaterial,* and you are instructed to find"—that the driver of defendant's truck, immediately prior to the accident, discovered that Guyger was in a position of peril and that he then could have avoided the collision. (Emphasis ours.) Said requested instruction and directed verdict on the issue of discovered peril were refused.

Plaintiffs objected to issues 1 to 8, inclusive, and 11 to 18, inclusive, being all the issues relating to primary negligence, on the ground that none of them should have been submitted because plaintiffs had *"alleged"* that the truck driver realized deceased was in a position of peril at a time when he could have, by the use of the means at his command and consistent with his own safety, avoided the collision; that it was conclusively established that the truck driver discovered the peril of the deceased when he could have avoided the collision and "this state of the record, renders all issues of negligence entirely immaterial, entitled the plaintiffs to a peremptory instruction on the issues relating to discovered peril, and leaves the only issues to be submitted to the jury, the issues relating to the amount of the damages—." (Emphasis ours.) Said objections were overruled.

Appellants' first four points are that the court erred (1) in refusing to instruct the jury that the undisputed evidence showed that the truck driver discovered that deceased was in a position of peril at a time when he could have avoided the collision; (2) in refusing to sustain plaintiffs' objections to the submission of any issue other than the amount of damages suffered by plaintiffs; (3) in overruling plaintiffs' motion for a mistrial because none of the answers, except the answer to issue 7, (that the truck driver discovered Guyger was in a position of peril immediately prior to the collision,) was material; (4) in refusing to grant a new trial because of the refusal to give plaintiffs' requested instruction and directed verdict and in submitting issues of primary negligence, because they were immaterial and superseded by the issue of discovered peril.

■ Plaintiffs contend that the undisputed evidence showed that the truck driver discovered that deceased was in a position of peril, that is, that he knew deceased was crossing the road ahead of defendant's truck, "when the said truck was at a distance of about 89 feet from the said de-

ceased" and that said driver could then have stopped his truck within 30 feet, could have gone straight ahead or slowed his speed and thus avoided striking deceased. Wherefore, plaintiffs conclude they were entitled to a peremptory instruction on discovered peril and that nothing should have been submitted but the amount of damages. In connection with this contention, plaintiffs say that issues relative to defendant's primary negligence and deceased's contributory negligence were eliminated merely because the pleadings and evidence raised the issue of discovered peril and that, therefore, it was error to submit said issues. In support thereof plaintiffs cite Dallas R. & Terminal Co. v. Bishop, Tex.Civ.App., 153 S.W.2d 298; 30-B Tex. Jur. 355; Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663, and Houston Electric Co. v. Montgomery, Tex.Civ.App., 123 S.W.2d 943.

After studying the statement of facts, we have concluded that it was not conclusively established that the truck driver discovered deceased's perilous position in time to have avoided the collision. A jury could reasonably believe from the evidence that a truck passed Mr. Pettijohn going east, while Mr. Pettijohn, who was driving defendant's truck, was approaching the scene of the collision, and raised a cloud of dust; that when said truck driver was about 100 feet from the deceased he saw him and a fifteen year old boy standing near the north side of the road looking toward him; that he did not expect either the deceased or the boy to run across the road in front of the truck, but that he did not want to throw rocks and dust on them as he passed and, therefore, he pulled over to his left-hand side of the road and continued to travel thereon until he was nearly opposite the deceased and about 15 feet from him when suddenly deceased ran into the path of the truck; that he then jerked his truck as far to the left as he could and still miss a large tree growing near the south side of the road and that when he did this the deceased ran into the side of the truck.

The issue of discovered peril was not conclusively established in favor of the plaintiffs. The testimony of the only two witnesses to the accident, Mr. Pettijohn, defendant's truck driver, and the fifteen year old boy who was with Mr. Guyger, at most, merely raised issues of fact.

We do not agree with plaintiffs' contention that when the issue of discovered peril was raised by the pleadings and evidence that issues relative to the defendant's primary negligence and the deceased's contributory negligence and proximate cause were thereby eliminated from the case. In 30 Tex.Jur. 839, it is said:

"—the circumstance that an issue has been raised as to 'discovered peril' does not preclude the submission of issues as to 'negligence' and 'contributory negligence'."

In Smith v. Galveston-Houston Electric Ry. Co., Tex.Com.App., 277 S.W. 103, 105, Judge Powell, in an opinion approved by the Supreme Court, said:

"It proceeds upon a theory which has never been approved by the Supreme Court or Commission of Appeals. That theory is that, when the issue of discovered peril arises, all other issues of preceding negligence on the part of either the plaintiff or defendant, are eliminated. It is readily seen how, under certain finding, the issue of discovered peril and the finding of the jury thereon would render other issues immaterial; or the convicting of a plaintiff of contributory negligence might render other issues immaterial. But we are unable to find any reason to support the correctness of a proposition to the effect that, in the absence of contributory negligence, an adverse finding on discovered peril would deprive a plaintiff of his right

to recover for primary negligence of the defendant. For instance, this very jury might well have found, as they did, that, after the motorman *actually knew* (words used in the discovered peril charge) of Smith's peril, he did all he could to avoid the collision. But that same jury might have thought, and they made no contrary finding, that Smith was in peril before the motorman discovered it, and that this prior peril was due to the reckless rate of speed at which the electric car was being driven, if being so driven. This very question was decided by this section of the Commission of Appeals in the case of Hines v. Foreman, Tex. Com.App., 243 S.W. 479, Presiding Judge McClendon discusses this very contention, beginning with the last paragraph on page 484 of 243 S.W. The case was reversed and remanded, and the holding of the Commission approved by the Supreme Court. This latter court itself has recently held that discovered peril and other elements of negligence are ordinarily separate and independent issues."

In Hines v. Foreman, Tex.Com.App., 243 S.W. 479, 484, Judge McClendon, in an opinion approved by the Supreme Court, said, "mere raising of the issue of discovered peril does not eliminate from the case the issue of primary negligence—." In Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304, 308, Judge Sharp, in an opinion approved by the Supreme Court, said:

"Of course, if the pleadings and the evidence raise the issue of discovered peril and the jury finds upon that issue in favor of the injured party, the issues of primary negligence and contributory negligence become immaterial. However, if the jury should find against the injured party upon the issue of discovered peril, that would not remove from the case the issues of primary negligence and contributory negligence."

If issues of fact existed as to the primary negligence of the defendant and the contributory negligence of the deceased and discovered peril became an issue of fact, the issues relative to primary negligence were not immaterial when they were submitted to the jury. They never became immaterial because the jury found against plaintiffs on the issue of discovered peril. It found deceased guilty of contributory negligence and that the truck driver was not negligent, thus compelling judgment for defendant. Montgomery v. Houston Electric Co., Tex.Com.App., 135 Tex. 538, 144 S.W.2d 251, 252; Young v. Massey, Tex.Civ.App., 95 S.W.2d 542, affirmed, 128 Tex. 638, 101 S.W.2d 809, 811; Texas & P. Ry. Co. v. Breadow, 9 Tex. 26, 36 S.W. 410; International-Great Northern R. Co. v. Casey, Tex.Com.App., 46 S.W.2d 669, 671; Sisti v. Thompson, 149 Tex. 189, 229 S.W.2d 610. Plaintiffs first four points are overruled.

Plaintiffs' remaining points are that the court erred (5) in submitting issues 11, 12 and 13, because they were immaterial and upon the weight of the evidence; (6) in refusing to grant plaintiffs' motion for a new trial, on account of the wrongful submission of said three issues; (7) in submitting issues 13–A, 14 and 15, because they were immaterial, upon the weight of the evidence and assumed that Guyger realized he was in imminent danger prior to the collision and (8) in submitting issues 16, 17 and 18 and not disregarding the answers thereto, because said issues were relative to deceased's contributory negligence and became immaterial when the issue of discovered peril was raised by pleadings and evidence. Plaintiffs say they group the last four points because they are based upon contention that it was error to submit issues relative to primary negligence when discovered peril became an issue. This contention has heretofore been overruled.

Plaintiffs further contend that the submission of contributory negligence in three different sets of issues emphasized the issue of deceased's contributory negligence, "which is not in the case", and obscured the issue of discovered peril, "which is the only material issue in the case". Plaintiffs say that it was conclusively established that deceased had gone entirely across the road and was at the extreme south edge of the traveled portion thereof when the truck struck him; that it was conclusively established that the truck driver saw deceased crossing the road ahead of him when he was eighty-nine feet away. They then conclude that if the truck driver had not turned to his left, but had gone straight ahead, turned to the right or applied the brakes, he would not have struck deceased. Our statement of the inferences that might reasonably be drawn from the evidence and our conclusion that the fact that the pleadings and evidence raised the issue of discovered peril did not have the legal effect of eliminating the issues of primary negligence dispose of most of said contentions. The evidence did not conclusively show that the truck driver saw the deceased crossing the road ahead of him when he was eighty-nine feet away. As heretofore stated, the jury might reasonably have concluded that deceased was standing near the north side of the road, looking in the direction of the truck, when the driver first saw him and that he continued in that locality until the truck, which had been pulled to its left to avoid throwing rocks and dust upon deceased and his boy companion, was almost even with him on the south side of the road, when deceased, whose hearing and sight were defective, became panic stricken, dashed into the path of the oncoming truck and struck its north side. There is no evidence that Pettijohn knew of deceased's defective sight or hearing.

■ We think said issues were not subject to the objections made and the manner of their submission did not constitute reversible error. In Sisti v. Thompson, 149 Tex. 189, 229 S.W.2d 610, 615, our Supreme Court said, applying the facts of that case to this one, that where a person is discovered some distance ahead of the truck and it appears that he knows of the approach of the truck, the truck driver may assume that such person is in possession of all his faculties and will leave the road and the truck driver is not bound to stop or check the speed of his truck, or turn, unless the circumstances make it apparent that such person is unaware of his danger. In Texas & N. O. R. Co. v. Grace, Tex. Civ.App., 204 S.W.2d 857, it was held that the doctrine of discovered peril does not make it the duty of a truck driver to bring his truck to a stop every time he discovers a person on or near the highway in front of him. In W. A. Morgan & Bros. v. Missouri, K. & T. Ry. Co. of Texas, 108 Tex. 331, 193 S.W. 134, our Supreme Court held that discovered peril avoids the effect of deceased's contributory negligence only when the danger is imminent, is actually discovered and the injury could have been avoided.

■ Under our conclusion as to the inferences that might reasonably be drawn from the testimony it is evident that the jury had a right to believe that the truck driver pulled to the left side of the road long before he reached the scene of the collision; that deceased was looking in his direction, appeared aware of the approach of the truck and was standing near the north side of the road and that the truck driver naturally expected him to remain where he was or move off the north side of the road, and that the driver could not anticipate that he would wait until the truck was almost even with him and then attempt to cross the road by dashing south into the path of the truck. Therefore, the jury had the right to conclude that defendant was not liable under the doctrine of discovered peril. After the jury had so found plaintiffs' only opportunity to recover rested upon a favorable finding on the issues now complained of. We conclude that reversible error is not shown. The judgment is affirmed.