**MISSOURI PACIFIC RAILROAD
COMPANY, Appellant,**

v.

**TIDE LPG, INC., Appellee.**

**No. 544.**

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 30, 1970.

Rehearing Denied Jan. 21, 1971.

Kleberg, Mobley, Lockett & Weil, Leslie S. Lockett, Corpus Christi, for appellant.

Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, Asa Bland McAllen, for appellee.

## OPINION

NYE, Justice.

This is a damage suit brought by the appellee against the railroad predicated in part upon the doctrine of discovered peril. The jury answered the discovered peril issues favorable to the plaintiff, whereupon the railroad has perfected its appeal.

The appellee owned and operated trucks distributing liquid petroleum gas. One of these trucks became stuck and a second one was sent to pull it out. The driver of the second truck, a Mr. J. C. Hall, took a wrong turn off a paved road onto a caliche road that crossed the defendant's railroad track. In trying to return to the highway, Hall backed his truck trailer unit onto the caliche road, slipped off the road, lodging the rear wheels of his trailer between the railroad rails causing it to be stuck. The defendant's train of 119 cars and three locomotives, struck the rear portion of the trailer causing severe damages to the truck, the trailer and loss of the petroleum gas. There was no fire, or explosion or personal injuries. The appellant admits that prior to the collision the engineer discovered the perilous position of the truck-trailer but says there was a conflict in the evidence as to whether or not there was time for the engineer to have stopped the train before the impact and whether the engineer was negligent after making such discovery.

The jury found that (1) the perilous position of the truck was known and appreciated by the railroad's engineer in sufficient time before the collision for him to have avoided the collision through the use of ordinary care of the means at his command consistent with his safety and that of the train; (2) that the engineer after discovering and appreciating the perilous position of the truck, failed to exercise ordinary care, in the use of the means at his command consistent with his own safety and that of the train; and (3) that this failure was a proximate cause of the collision. The jury also found that the railroad engineer (4) failed to keep a proper lookout; (6) was operating the train at an excessive rate of speed; and that each of these issues were (5 and 7) each a proximate cause of the collision. The jury found further that the truck driver was contributorily negligent in that (8) he failed to place warning devices, such as flares or reflectors to warn the train operators that the truck-trailer was obstructing the track; that (12) he failed to have his trailer lights illuminating, and that these acts and omissions were (13) negligence and also (9 and 14) a proximate cause of the collision. The jury refused to find that the truck driver (10) failed to exercise ordinary care in going up the railroad track, to give warning to the train crew that the track was obstructed.

The appellant has alleged two points of error. His first point involves no evidence that there was an actual discovery and realization in sufficient time and at a sufficient distance to avoid the collision. In this regard his point is that the trial court erred in overruling the appellant's motion for judgment non obstante veredicto and in not entering judgment that plaintiff take nothing.

In deciding the question of law involving a no evidence point, the court must consider only the evidence and the inferences therefrom, tending to support the findings of the jury, disregarding all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex. Sup.1965) and In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

We are required, in considering a no evidence point, that we do not consider or give weight to any other jury findings. Charles T. Picton Lumber Company v. Redden, 452 S.W.2d 713 (Tex.Civ.App.—

Corpus Christi 1970); Enloe v. Barfield, 422 S.W.2d 905 (Tex.Sup.1967); C & R Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966).

One of the exhibits introduced into evidence indicates a reference point as being mile post number 109, at which point the track in question straightens out and is straight from there to the point of the accident. At that point it was 4100 feet to the crossing in question. The train was 6713 feet long and although travelling in an area where there were general slopes upwards and downwards these grades did not affect the train's speed which was between 38 and 40 miles per hour. The truck driver testified that after his truck had become stuck, he was on the railroad track about 40 to 45 minutes before the accident. The truck driver heard the train whistle sometime before the train became visible. The engineer testified that he blew the whistle at two locations which would be 7130 feet from the point of the accident and 5100 feet. After Hall, the truck driver, heard the whistle, he got out a three-cell flashlight from the truck and with the flashlight in his hand, ran up the tracks in the direction of the train. He testified that it was dusk. A disinterested witness, a Mr. Friske, who lived on a farm over 1000 feet from the railroad tracks viewed the entire occurrence. He stated it was daylight and you could see. He stated that as he looked out of his patio doors he could see the truck driver, Mr. Hall, running down the tracks with the flashlight in his hand.

The engineer testified that when he was at mile marker 109 (4100 feet from the crossing in question) he noticed a light down the track which looked like a flashlight. He mentioned the light to his fireman. The truck driver testified that he ran about 900 feet up the track while waving the flashlight. The engineer testified that in daylight he could see a mile in the direction that the train was proceeding prior to the accident and although there was a gradual hill north of the crossing,

the upward grade did not affect his vision. The other members of the crew were riding in the engine cab. Each testified that they were looking straight ahead, keeping a proper lookout. The engineer and fireman testified that the white light was a "leisurely swinging back and forth type light". However, the brakeman could not say how leisurely the light seemed to him, but that at a point 2100 feet from the crossing he could see that it was a warning that something was wrong. He remarked about this to the engineer. The circumstances of the truck driver running up the tracks waving a three-cell flashlight which he held in his hand could properly have meant to the jury that this was a flashing danger signal, rather than a leisurely signal as the engineer described it. A flashlight beam crossing through the line of vision of the train's crewmen would not be a leisurely signal if the jury chose to believe that the truck driver was running with the flashlight pointed in the direction of the train.

The railroad rule book provides that "any kind of signal on a railroad track *regardless of what it is* is an automatic stop sign." (emphasis supplied). The fireman on the train testified that any kind of a warning, leisurely or otherwise, such as seeing a light, would mean to put on the brakes. He testified that the white light which he had noticed on the occasion in question was going back and forth slowly —not violently, but asked whether or not he realized what it was, he replied: "Well, it is a stop sign."

■ The appellant called an expert witness with years of railroad experience who testified to certain mathematical conclusions. His computations were, that including reaction time, it would take 2328 feet to stop the train at 40 miles per hour, with a tolerance of 10% either way of this figure. He further testified that at a speed of 40 miles per hour the train travelled from mile post 109 (4100 feet from the point of the accident) to the point where the brakes could have been safely applied,

a distance of 1700 feet, and that it took the train 29 seconds to travel the 1700 feet to the point where the brakes could have been applied in time to stop the train. The engineer testified that he put on his brakes 1800 feet from the crossing, and that his train traveled approximately 350 feet past the intersection. The engineer could therefore have stopped the train at approximately 2150 feet from the crossing. This was almost 2000 feet from the point where he first discovered the waving light. We hold that the jury was warranted in finding that the engineer, as he passed mile post number 109, knew that a light on the right of way was an automatic stop sign and that he did discover and realize the perilous position of plaintiff's truck trailer in time to have avoided the collision. Texas & New Orleans Ry. Co. v. Hart, 163 Tex. 450, 356 S.W.2d 901 (1962); Creech v. Thompson, 156 Tex. 561, 297 S.W.2d 817 (1957); Sisti v. Thompson, 149 Tex. 189, 229 S.W.2d 610 (1950).

■ Appellant's second point is that the trial court erred in not granting a new trial because the answers of the jury on which judgment for plaintiff was based, were in material conflict with other answers of the jury, so as to be destroyed as a basis for a judgment. The appellant argues that issues 1, 2 and 3 concerning discovered peril are in conflict with the issues that the engineer failed to keep a proper lookout and was operating his train at an excessive rate of speed and that these were a proximate cause of the collision in question. Appellant argues that the answers by the jury of excessive speed could only mean that the speed was such that the engineer could not stop the train before the collision and that this conflicted with discovered peril issue to the effect that the train's speed must have been slow enough that by exercise of due care in applying the brakes the engineer could have stopped the train before the collision. The same reasoning is applied by appellant for proper lookout. We overrule this point of error.

■ In order to require that a judgment based upon a verdict that contains conflicting answers be set aside, the answers must be such that one answer would establish a cause of action or defense while the other would destroy it. It has always been the rule in Texas that the courts should not seek a technical construction which would render a verdict in conflict but should seek a reasonable interpretation which would sustain the findings if the findings can be reconciled. There is always the presumption that the jury did not intend to return conflicting answers. The test is whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, a judgment should be entered in favor of the defendant. Then in applying this test the courts consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer, but taking into consideration all the rest of the verdict, and if so considered, one of the answers would require the judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949). This is not the situation here. As we said in Sisti v. Thompson, supra: "In its ordinary application, the doctrine of discovered peril presupposes negligence on the part of the one who suffers injury to his person or property, which, in the absence of the doctrine, renders him guilty of contributory negligence and prevents a recovery by him irrespective of negligence on the part of the defendant. * * *" We hold that the material and controlling issues in this case are not fatally in conflict with other findings of the jury. See Conflicts and Jury Findings, 26 Tex.Bar Jour. 23 by Justice Charles W. Barrow, now Chief Justice of the San Antonio Court of Civil Appeals; 3 McDonald Texas Civil Practice, Sections 15.06.1 through 15.06.5, pages 605–615; Inman v. St. Louis Southwestern

Ry. Co. of Texas, 288 S.W. 150 (Tex. Com.App.1926).

Judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

I concur in the result.