**Affirmed and Memorandum Opinion filed October 30, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00504-CV

## KENNETH ALFORD AND DENISE ALFORD, Appellants

## V.

## GERALD SINGLETON AND TARGA RESOURCES LLC, Appellees

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-20209**

## M E M O R A N D U M   O P I N I O N

Appellants Kenneth and Denise Alford appeal from a take-nothing judgment following (1) a jury trial on their negligence claim against appellee Gerald Singleton and (2) the trial judge's grant of summary judgment for Singleton's employer, appellee Targa Resources LLC.

One morning before dawn, Kenneth was driving on the busiest highway in Breckenridge, Texas, when debris spilled from the back of his flatbed truck onto the

highway. Kenneth parked his truck in a nearby parking lot and went into the middle of the highway to pick up the debris. As Singleton turned onto the highway from a cross street at a slow speed, Singleton struck Kenneth.

The Alfords sued Singleton and Targa. The trial court granted a summary judgment on all of the Alfords' claims against Targa, and the issue of Kenneth's and Singleton's negligence was submitted to the jury. The jury found that no negligence of Singleton proximately caused the occurrence, and Kenneth's negligence proximately caused the occurrence. The trial court signed a take-nothing judgment.

The Alfords challenge the trial court's judgment in three issues, contending that (1) the trial court erred by giving the jury a negligence per se instruction as to Kenneth's conduct, (2) the jury's finding that Singleton was not negligent is against the great weight and preponderance of the evidence, and (3) the trial court erred by granting a summary judgment to Targa on claims that the Alfords added in amended pleadings but that were not addressed in the motion.

We affirm.

## I. JURY CHARGE

In their first issue, the Alfords contend that the trial court erred by "giving the jury a negligence per se instruction as to [Kenneth]'s conduct." In the charge, the trial court defined "negligence," "ordinary care," and "proximate cause." Then, the court included the following Jury Question No. 1:

Did the negligence, if any, of the persons named below proximately cause the occurrence in question?

> You are instructed that the law requires a vehicle bed carrying a load of refuse to be enclosed on all four sides[.]

Answer "Yes" or "No" for each of the following

a. Gerald Singleton

b. Kenneth Alford

The jury answered unanimously "no" for Singleton and "yes" for Alford.

Kenneth complains about the trial court's inclusion of the instruction regarding a vehicle carrying a load of refuse to be enclosed on all four sides. It was undisputed at trial that Kenneth's truck did not have a rear tailgate. There was no evidence that Singleton's truck had a similar deficiency. Kenneth contends that the trial court's error probably caused the rendition of an improper judgment under Rule 44.1(a) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 44.1(a).

Assuming without deciding that the trial court erred by including this instruction, we cannot conclude that the alleged error probably caused the rendition of an improper judgment. To determine whether an instruction probably caused an improper judgment, we examine the entire record. *Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006).

In this case, the trial court rendered a take-nothing judgment in Singleton's favor because of the jury's "no" answer to Singleton's negligence, not because of the jury's "yes" answer to Kenneth's negligence. The trial court's judgment would have been the same even if the jury answered "no" as to Kenneth's negligence. Even if the contested instruction caused the jury to answer "yes" for Kenneth's negligence, the instruction had no impact on the trial court's judgment. *Cf. Thota v. Young*, 366 S.W.3d 678, 683–84, 694 (Tex. 2012) (holding that the trial court's inclusion of a question on the plaintiff's contributory negligence was harmless because the jury answered "no" regarding the defendant's negligence). Once the jury answered "no" to Singleton's negligence, the "yes" answer for Kenneth's negligence became immaterial. *See id.* at 694 ("Once the jury answered 'No' to whether any negligence of [the defendant] proximately caused [the plaintiff's] injury, [the defendant] was

3

exonerated, and neither a 'Yes' nor a 'No' answer as to [the plaintiff's] contributory negligence could alter the verdict.").

Moreover, in the charge, the jurors were instructed that they could find more than one party negligent; therefore, they were aware that a finding that Kenneth was negligent in not securing debris on all four sides would not preclude a finding that Singleton was also negligent. In *Thota*, for example, the Supreme Court of Texas reasoned that any error in the submission of the plaintiff's negligence was harmless in part because "the jury was well aware that its findings as to [the parties'] negligence were separate." *Id.* The court looked to the entire jury charge and noted that (1) each party was listed separately with separate blanks for the jury's answers; (2) the proximate cause definition informed the jury that there could be more than one proximate cause of an event; and (3) the apportionment question was conditioned on the jury answering "yes" as to liability for both the plaintiff and the defendant. *See id.* at 683, 694.

Likewise, the jury charge in this case included (1) separate blanks for Kenneth's and Singleton's negligence, (2) a definition of proximate cause informing the jury that there could be more than one proximate cause of an event, and (3) an instruction that for the jury to answer the apportionment question, the jury first would need to answer "yes" for more than one of the parties listed in Jury Question No. 1.

Considering the entire record, we cannot conclude that the trial court's inclusion of the instruction pertaining to Kenneth's negligence probably caused the rendition of an improper take-nothing judgment. The Alfords' first issue is overruled.

4

## II.    FACTUAL SUFFICIENCY

In their second issue, the Alfords contend that the jury's "no" answer regarding Singleton's negligence is against the great weight and preponderance of the evidence.

When, as here, a party attacks the factual sufficiency of an adverse finding on an issue for which the party has the burden of proof, the party must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We must consider and weigh all of the evidence, and we may set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

The evidence is largely undisputed. Some debris spilled from Kenneth's truck on the highway, and he parked the truck in a nearby lot with the headlights illuminated. On foot, Kenneth went into the middle turn lane of the highway to pick up the debris. It was dark outside, in the pre-dawn hours of the morning. The five-lane highway was the busiest street in Breckenridge with a speed limit of forty miles per hour. One witness testified that he almost hit Kenneth that morning before Singleton did, and it was a dangerous situation for Kenneth to be in the middle of the highway because it was "exceptionally dark that morning."

Singleton testified that he came to a stop at a stop sign on a cross street and noticed Kenneth's truck parked in the lot with its lights on, as if the truck was going to enter the highway. Singleton looked to his left, to his right, and then to his left again. When traffic cleared, Singleton turned left onto the highway. Singleton was looking to the left as he made the turn. Singleton acknowledged that he was looking one way and driving another. As Singleton was completing the turn, Singleton began looking forward. Singleton was driving five to ten miles per hour at the time.

5

Singleton testified that Kenneth had been "bent over in the street and he start[ed] the process of standing up." Singleton did not see Kenneth until that moment, and Singleton struck Kenneth with the truck.

A police officer who responded to the scene included the following diagram in his report:



In his report, the officer did not identify any contributing factors to the incident. But, the officer testified that Kenneth "chose about the most unsafe way possible to pick up that debris." In particular, Kenneth did not park his vehicle on the highway with flashing lights, nor did he wear any reflective clothing.

Generally, the resolution of a defendant's possible breach of duty is a question of fact for the jury. *See Aguirre v. Vasquez*, 225 S.W.3d 744, 757 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 412–14 (Tex. App.—Houston [14th Dist.] 1989, writ denied). The mere existence of a vehicle collision—even one involving a pedestrian—does not necessarily mean that the defendant was negligent. *See Smith*, 774 S.W.2d at 412,

6

414 (factually sufficient evidence to support jury's "no" answer regarding the defendant's negligence when the defendant rear-ended the plaintiff); *see also Chavarria v. Valley Transit Co.*, 75 S.W.3d 107, 111–12 (Tex. App.—San Antonio 2002, no pet.) (factually sufficient evidence to support jury's verdict for the defendant bus driver who struck and killed a pedestrian at night when the pedestrian was standing in a lane of traffic, hunched over, and the driver had a mere split second to react before hitting the pedestrian); *Howard v. Wilburn*, 351 S.W.2d 345, 346–49 (Tex. Civ. App.—San Antonio 1961, writ ref'd n.r.e.) (factually sufficient evidence to support jury's verdict for the defendant driver who struck and killed a pedestrian who was crossing the main thoroughfare while it was getting dark outside); *Lofland v. Jackson*, 237 S.W.2d 785, 789–91 (Tex. Civ. App.—Amarillo 1950, writ ref'd n.r.e.) (sufficient evidence to support the jury's finding of no negligence when a driver struck a pedestrian); *cf. Guyger v. Hamilton Trailer Co.*, 304 S.W.2d 377, 378–79, 382 (Tex. Civ. App.—Eastland 1957, no writ) (affirming jury's finding that driver who struck pedestrian was not negligent or liable under the discovered peril doctrine).

The Alfords fault Singleton for "cut[ting] more than he had to through the middle turn lane," rather than pulling only into the lane immediately to the right of the middle lane. Singleton testified that he cut into the middle lane before getting into the lane immediately to the right because there was a truck approaching on the highway in the far right lane. Singleton wanted to make sure he was not pulling out in front of the approaching truck.

The jury, weighing all of the evidence, could have found that Singleton's conduct was not negligent under the circumstances. Kenneth was bent over in the middle of the busiest highway in town while it was exceptionally dark outside, without taking any precautionary measures. Another driver almost struck Kenneth,

7

yet Kenneth remained in the road. There is evidence that Singleton kept a lookout on the road and was not speeding or driving erratically. Considering the totality of the evidence, the jury's finding that no negligence by Singleton proximately caused the occurrence in question is not against the great weight and preponderance of the evidence. *See Chavarria*, 75 S.W.3d at 111–12.

The Alfords' second issue is overruled.

## III.   SUMMARY JUDGMENT

In their third issue, the Alfords contend that the trial court erred by granting summary judgment to Targa because the Alfords amended their petition to include new claims for negligent retention and negligent entrustment that were not addressed in Targa's motion for summary judgment. Targa contends, among other things, that any such error was harmless because negligent retention and negligent entrustment claims require the plaintiff to prove that the employee or entrusted person committed an underlying tort, and here, the jury found that Singleton was not negligent.

Generally, granting summary judgment on a claim not addressed in the motion is reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). The harmless error rule, however, applies to this type of error. *See id.* (citing Tex. R. App. 44.1(a)). Error is harmless unless a reviewing court finds that the error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal. *Id.* (citing Tex. R. App. 44.1(a)).

The error of granting summary judgment on a claim not addressed in the motion is harmless if "the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 298. In *Magee*, for example, the Supreme Court of Texas held that a summary judgment on a vicarious liability theory of recovery, though not expressly presented in the motion, was harmless when a

8

summary judgment was properly granted on the underlying tort committed by the employee. *See id.*

Claims for negligent hiring or retention and negligent entrustment require proof that the employee or entrusted person committed an underlying tort. *See Wansey v. Hole*, 379 S.W.3d 246, 247–48 (Tex. 2012) ("To prevail on a claim for negligent hiring or supervision, the plaintiff is required to establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff. . . . We have explicitly established this requirement in negligent entrustment cases, which are factually similar to negligent hiring claims." (quotation and citations omitted)); *see also Shupe v. Lingafelter*, 192 S.W.3d 577, 580 (Tex. 2006) ("On a negligent entrustment theory, a plaintiff must prove, among other elements, that the driver was negligent on the occasion in question and that the driver's negligence proximately caused the accident."); *see also Jackson v. NAACP Houston Branch*, No. 14-15-00507-CV, 2016 WL 4922453, at *11–12 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, pet. denied) (mem. op.) (affirming summary judgment for the defendant-employer because there was no evidence that the employee had committed a "separate actionable tort to support the negligent-retention claim").

Accordingly, a negligent entrustment claim may be negated as a matter of law by a jury's negative answer to a jury question concerning the negligence of the entrusted person. *See Shupe*, 192 S.W.3d at 580. In *Shupe*, the plaintiff complained about the trial court's error in failing to submit to the jury a definition of negligence that incorporated a negligent entrustment theory of liability against one of the defendants. *See id.* at 578–79. The Supreme Court of Texas held that any error by omitting this theory of liability against the defendant was rendered harmless by the jury's "no" answer as to the negligence of the entrusted person. *See id.* at 580. The

court held, "The jury's negative finding on this question negated the unsubmitted negligent entrustment issue as a matter of law." *Id.*

Since both negligent entrustment and negligent retention claims require proof of an underlying tort, *see, e.g., Wansey*, 379 S.W.3d at 247–48, the jury's "no" answer regarding Singleton's negligence in this case negated the unsubmitted claims as a matter of law. *See Shupe*, 192 S.W.3d at 580. We cannot conclude, based on this record, that any improper summary judgment on those claims probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal. *See Magee*, 347 S.W.3d at 298.

The Alfords' third issue is overruled.

## IV. CONCLUSION

Having overruled all of the Alfords' issues, we affirm the trial court's judgment.


/s/    Ken Wise
        Justice


Panel consists of Justices Jamison, Wise, and Jewell.