154 S.W.3d 233 (2005)
John LINGAFELTER, et al., Appellants,
v.
Brent J. SHUPE, JCJ Trucking and Midwest Coast Transport d/b/a MCT, Appellees.
No. 10-03-00113-CV.
Court of Appeals of Texas, Waco.
January 5, 2005.
*234 Kevin B. Miller, Gerald D. Havemann, Law Office of Miller & Associates, San Antonio, for appellants.
Robert L. Ramey, Jack McKinley, Ramey, Chandler, McKinley & Zito, P.C., Houston, for appellees.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION DENYING REHEARING
BILL VANCE, Justice.
Brent J. Shupe and Midwest Coast Transport d/b/a MCT ("MCT") urge in a motion for rehearing that we reconsider our opinion and judgment and affirm rather than reverse the judgment of the trial court. In an opinion dated November 17, 2004, we reversed the judgment and remanded this cause for a new trial because the trial court's failure to instruct on negligent entrustment, as requested by Appellants, was harmful error. MCT's motion for rehearing asserts that the negligent entrustment question submitted by Appellants was immaterial to the liability of MCT and Shupe as a matter of law, and that the jury's finding that Shupe was not negligent renders the failure to instruct on the negligent entrustment cause of action harmless. We reject MCT's proposal. We take this opportunity, however, to reiterate that in our opinion, had the jury been properly instructed, it would have known how to evaluate the facts presented.
It was not possible for the jury to know how to evaluate the following facts without the negligent entrustment charge: 1) Shupe was employed by JCJ Trucking who had a lease agreement with MCT to lease Shupe and the truck to MCT; 2) MCT was responsible to qualify and approve Shupe to drive; 3) MCT's qualification department qualified Shupe; 4) MCT's safety director, who had 37 years of experience at MCT, rejected this qualification due to Shupe's two prior driver's license suspensions and five speeding tickets; 5) MCT's vice president of safety vetoed this rejection; 6) Shupe drove on probation starting in November 1999 and was released to drive on his own on March 3, 2000; 7) Shupe received a speeding ticket on March 9, 2000; and 8) Shupe informed MCT of a ticket at his annual review, but MCT kept him qualified.
In addition, the finding that Shupe was not negligent is reasonably calculated to be different had the jury been instructed on negligent entrustment: 1) The Brazos River bridge is an old, narrow, steel-encased suspension bridge with only two lanes divided by a double yellow stripe, a low clearance, no shoulder, and a small curb only about one foot in width; 2) there is a shoulder before the bridge in the direction Shupe was driving to allow a vehicle to pull over; 3) the highway was busy that day because the Fourth of July holiday was approaching; 4) Shupe was carrying 15,000-20,000 pounds of cargo that day; 5) Shupe had never driven across this bridge before; 6) Shupe did not notice that in the oncoming lane, on the bridge, there was a stopped wide load, which had large "wide load" signs in yellow and black letters; 7) Shupe did not stop or significantly slow down as he approached the bridge, passed the wide load, passed 6-8 vehicles stopped behind the wide load (three of which were farm trucks with tanks); and 8) Father John Anderson (the driver of a vehicle close behind the wide load) testified that he was uncomfortable and scared when Shupe drove by him because of Shupe's speed and how close he was to his van because of the narrowness of the bridge.
Therefore, had the jury been properly instructed on the evidence presented, it *235 could have found all the elements of negligent entrustment by MCT: 1) MCT entrusted the tractor trailer to Shupe (uncontroverted), 2) Shupe was a reckless or incompetent driver based on his driving record (substantial evidence supports), 3) MCT knew of Shupe's driving record (uncontroverted), 4) Shupe was negligent in the context of negligent entrustment, and 5) his negligence proximately caused the accident. See Williams v. Steves Indus., Inc., 699 S.W.2d 570, 571 (Tex.1985).
We find that the jury charge error is reasonably calculated to and probably did cause the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1); see Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n, 710 S.W.2d 551, 555 (Tex.1986) (op. on reh'g).
The motion for rehearing is denied.
Chief Justice GRAY dissenting.
TOM GRAY, Chief Justice, dissenting to denial of rehearing.
Absent extraordinary circumstances, I am opposed to writing further on a motion for rehearing without requesting a response. See Tex.R.App. P. 49.2. These are not extraordinary circumstances. The Court simply wants to reassure itself by reciting its mantra. It does. I disagree. So I still dissent.