Brent J. SHUPE and JCJ Trucking, and Midwest Coast Transport D/B/A MCT, Petitioners,

v.

John LINGAFELTER, Kathleen Lingafelter, Mark Girgus, and Carrie Girgus, Individually and as Next Friends for Kaley Girgus, a Minor; Matthew Teague, Brenda Teague, and Daniel Leon Jackson and Lisa Boyd, Respondents.

No. 05–0083.

Supreme Court of Texas.

May 5, 2006.

Jack McKinley, Robert L. Ramey, Ramey, Chandler, McKinley & Zito, P.C., Houston, for Petitioner.

Kevin B. Miller, Law Offices of Miller & Bicklein, Lubbock, for Respondent.

PER CURIAM.

In this personal injury suit, a jury returned a verdict that the negligence of Joseph Heppler, the driver of a pickup truck, was the sole cause of a multi-vehicle accident. The jury further found that none of the negligence that caused the accident was attributable to another driver, Brent Shupe, or his alleged employer, Midwest Coast Transport (MCT). Because the jury concluded that the plaintiffs suffered no damages, the trial court entered a take-nothing judgment. The court of appeals reversed the judgment and remanded the case for a new trial on grounds that the trial court committed reversible error by refusing to submit a requested instruction on MCT's alleged negligent entrustment of a commercial vehicle to Shupe. We reverse the court of appeals' judgment and uphold the jury's verdict.

On June 30, 2004, a truck pulling a wide load was stopped in the eastbound lane of Highway 67 on the narrow, steel-encased Brazos River Bridge. As traffic stacked up behind the truck, a van came to a stop several vehicles behind the wide load. Heppler's pickup truck rear-ended the van and then swerved into the westbound lane into the path of an oncoming tractor trailer driven by Shupe. Shupe's tractor trailer collided with Heppler's pickup, shearing the pickup's fuel tank and causing a fire that injured Heppler's passengers. Shupe then lost control of the tractor trailer and struck a Toyota driven by John Lingafelter in the eastbound lane, damaging the car and injuring the occupants.

Lingafelter and his passengers (the Lingafelter plaintiffs) sued Heppler, Shupe, JCJ Trucking, and MCT.[1] After the Lingafelter plaintiffs settled with Heppler for a $20,000 insurance policy limit, Heppler's passengers (the Heppler plaintiffs) intervened in the suit. The Lingafelter and Heppler plaintiffs maintained the suit against Shupe, JCJ Trucking, and MCT for damages arising from Shupe's negligence. The plaintiffs' theories of recovery against JCJ Trucking and MCT included vicarious liability as Shupe's employers; direct liability for negligently training, licensing, and approving Shupe as a driver; and negligent entrustment.

The jury charge contained one liability question addressing the alleged negligence of the defendants. During the charge conference, instead of requesting a separate question on negligent entrustment, the plaintiffs requested the following instruction: "As to Midwest Coast Transport d/b/a MCT, 'negligence' means entrusting

---

1. It appears the plaintiffs sued JCJ Trucking because the company employed Shupe and had a lease agreement with MCT under which JCJ Trucking provided a tractor trailer and driver (Shupe) to MCT. The trial court did not submit a liability question against JCJ Trucking. The plaintiffs did not object to this omission nor did they appeal the trial court's entry of a take-nothing judgment in favor of JCJ Trucking. Thus, JCJ Trucking is not a party to this appeal.

a vehicle to an incompetent or reckless driver if the entrustor knew or should have known that the driver was incompetent or reckless. Such negligence is a proximate cause of a collision if the negligence of the driver to whom the vehicle was entrusted is a proximate cause of the collision." The trial court refused this instruction but did provide definitions of negligence, ordinary care, proximate cause, sole proximate cause, and sudden emergency.

In Question 1 of the jury charge, the trial court inquired whether the negligence of Shupe, MCT, or Heppler proximately caused the accident. The jury answered "yes" for Heppler and "no" for MCT and Shupe.[2] The trial court also submitted a question asking the jury to determine the percentage of the negligence attributable to each defendant. The jury answered "100%" for Heppler and "0%" for MCT and Shupe.[3] The jury also answered "$0" to each of seven damages questions. The trial court entered a take-nothing judgment against all plaintiffs.

A divided court of appeals reversed the trial court's verdict and remanded for a new trial on grounds that the trial court erred by not including the requested jury instruction on negligent entrustment in its charge to the jury. 154 S.W.3d 233, 234. Having reversed on the liability issues, the court of appeals also agreed with Lingafelter that there was insufficient evidence to support the jury findings of zero damages. *Id.* at 235. The dissent argued that the instruction regarding negligent entrustment was unnecessary and its omission harmless error. *Id.* at 235 (Gray, C.J., dissenting). The court of appeals denied rehearing in a supplemental opinion. 154 S.W.3d 233. Without determining error, we agree with the dissent that any error in the omission was harmless.

We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard. *See La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex.1998). When a trial court refuses to submit a requested instruction on an issue raised by the pleadings and evidence, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict. *Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex.2000) (referring to Texas Rules of Civil Procedure 277 and 278). The omission of an instruction is reversible error only if the omission probably caused the rendition of an improper judgment. TEX. R. APP. P. 61.1(a); 44.1(a); *see Wal–Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 723 (Tex.2003). Error in the omission of an issue is harmless "when the findings of the jury in answer to other issues are sufficient to support the judgment." *See*

2. The question and answers read as follows: Did the negligence, if any, of those named below proximately cause the occurrence in questions?

Answer "Yes" or "No":

a. Midwest Coast Transport d/b/a MCT NO
b. Brent J. Shupe NO
c. Joseph Heppler YES

3. The question and answers read as follows: What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you, in your answer to Question *1,* to have been negligent?

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to a person named below is not necessarily measured by the number of acts or omissions found. The percentages attributable to [sic] person need not be the same percentage attributed to that person in answering another question.

a. Midwest Coast Transport d/b/a MCT 0%
b. Brent J. Shupe 0%
c. Joseph Heppler 100%

TOTAL 100%

*Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743, 750 (Tex.1980) (even assuming submission was improper, error was harmless); *see also City of Brownsville v. Alvarado,* 897 S.W.2d 750, 752 (Tex.1995) (a jury question may be immaterial, and therefore its submission harmless, "when its answer can be found elsewhere in the verdict or when its answer cannot alter the effect of the verdict").

 On a negligent entrustment theory, a plaintiff must prove, among other elements, that the driver was negligent on the occasion in question and that the driver's negligence proximately caused the accident. *Williams v. Steves Indus., Inc.,* 699 S.W.2d 570, 571 (Tex.1985). To succeed on their negligent entrustment theory against MCT, the plaintiffs had to obtain a jury finding that Shupe, the truck driver at the time of the accident, was negligent and that his negligence proximately caused the accident. *See id.* The liability question answered by the jury asked whether the negligence of Shupe proximately caused the accident. The jury's answer of "no" to this question determined that either Shupe was not negligent or, if he were, his negligence did not proximately cause the accident. The jury's negative finding on this question negated the unsubmitted negligent entrustment issue as a matter of law. *See Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596–97 (Tex.1988) (emphasizing that entrustment liability "rests upon the combined negligence of the owner in entrusting the vehicle to an incompetent or reckless driver *and negligence of the driver*") (emphasis added); *Spratling v. Butler,* 150 Tex. 369, 240 S.W.2d 1016, 1017 (Tex.1951) (outlining plaintiff's burden to show that driver oper-

ated vehicle negligently and that such negligence was the proximate cause of the accident).[4]

By specifically declining to find that Shupe was negligent on the occasion in question or that his negligence proximately caused the accident, the jury provided its answer to the negligent entrustment issue—and the vicarious liability issue—elsewhere in the verdict. In addition, the jury's finding that zero percent of the negligence causing the accident was attributable to Shupe and MCT precluded a finding of proximate cause against them. Therefore, even if the negligent entrustment instruction had been submitted, it would not have altered the verdict. Because there is sufficient evidence to support the jury's liability finding as to Heppler, the trial court's omission of the negligent entrustment instruction, if error, was harmless. *See Boatland,* 609 S.W.2d at 750. Accordingly, without hearing oral argument, the Court grants the petition, reverses the court of appeals' judgment, and renders judgment that the plaintiffs take nothing. *See* TEX. R. APP. P. 59.1.

---

4. In addition, the parties do not dispute that at the time of the collision Shupe was MCT's employee. We do not intend to say that under these circumstances the negligent entrust-ment theory is necessary or appropriate to a finding of MCT's liability. We simply resolve the case as submitted to the Court.