02-10-343-CV













 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00343-CV 

 

 


 
 
 Curtis R. Francis
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Deborah Ford AND Danny Horton
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE
30th District Court OF Wichita
COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant Curtis R. Francis appeals a
jury’s take-nothing verdict for appellees Deborah Ford and Danny Horton. In
three points, appellant asserts that the verdict is against the great weight
and preponderance of the evidence, that the trial court abused its discretion
by refusing to submit his proposed jury charge, and that the trial court
violated his due process rights.  We
affirm.

Background

          This is the fourth appeal in this case
to our court.  See Francis v. Horton,
No. 02-08-00328-CV, 2009 WL 579266, at *1 (Tex. App.—Fort Worth March 5, 2009,
no pet.) (mem. op.); Francis v. TDCJ-CID, No. 02-06-00352-CV,
2007 WL 2460270, at *1 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.); Francis v. TDCJ-CID, 188 S.W.3d 799, 800 (Tex.
App.—Fort Worth 2006, no pet.).  
Because the factual and procedural history of the case is well detailed
in our previous opinions, we will only briefly summarize the facts relevant to
this appeal.

          Appellant, a TDCJ inmate, filed his
pro se original petition in 2004, claiming, among other things, that Ford, the
law library supervisor, had negligently denied his requests for legal visits
with another inmate and negligently refused to timely provide him with books
from the law library.  Appellant amended
his petition several times.  The trial
court dismissed some of his claims and granted summary judgment on others;
appellant also abandoned some of his originally pled claims.  The surviving claims that went to trial were
appellant’s claims that Ford was negligent and violated his constitutional
rights by denying legal visits and by refusing to timely provide him with
materials from the law library.[2]  Appellant named Horton as a defendant under
the theory of respondeat superior because he was one of Ford’s supervisors.  The jury found that appellant was one hundred
percent negligent, that appellees were zero percent negligent, that appellees
did not violate appellant’s rights under article 1, sections 13 and 19 of the
Texas Constitution, and that appellees acted in good faith and within the
course and scope of their authority in performing discretionary duties related
to appellant’s claims.  Appellant appeals from the jury verdict against him.

Sufficiency
of the Evidence

          In his second point, appellant claims that
the jury verdict is against the great weight and preponderance of the evidence.

Standard of Review

When
reviewing an assertion that the evidence is factually insufficient to support a
finding, we set aside the finding only if, after considering and weighing all
of the evidence in the record pertinent to that finding, we determine that the
credible evidence supporting the finding is so weak, or so contrary to the
overwhelming weight of all the evidence, that the answer should be set aside
and a new trial ordered.  Pool v. Ford Motor Co., 715 S.W.2d
629, 635 (Tex. 1986) (op. on reh’g); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).  Findings of fact are the exclusive province of
the factfinder.  Bellefonte
Underwriters Ins. Co. v. Brown, 704 S.W.2d 742, 744–45 (Tex. 1986).  When the party with the burden of
proof appeals from a failure to find, the party must show that the failure to
find is against the great weight and preponderance of the credible
evidence.  Cropper v. Caterpillar
Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988); see Gonzalez v. McAllen Med. Ctr., Inc., 195 S.W.3d 680, 681–82
(Tex. 2006).  When conducting a factual
sufficiency review, a court of appeals must not merely substitute its judgment
for that of the trier of fact.  Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761
(Tex. 2003).  The trier of fact is
the sole judge of the credibility of witnesses and the weight to be given to
their testimony.  Id.

Analysis

          At trial, appellant testified that he
properly requested but was denied visits with another inmate, a jailhouse
lawyer who was to help appellant file a small claims suit.  According to appellant, Ford denied him the
visit.  Appellant also testified that
Ford put him on informal book restriction, denying him the materials he needed
to file his suit and also sending him inadequate printouts of case law rather
than the hardback books he requested. 
Appellant stated that he had to file grievances against Ford to finally
get the materials he needed.  Appellant
claimed that because Ford withheld his visit and library materials, he filed
his suit in the wrong court, which caused it to be dismissed. He also claimed
that he could not meet deadlines in other suits because he could not get the
books he needed.

Ford
testified that she followed all established policies to ensure appellant
adequate access to the courts. Ford explained that she investigated appellant’s
complaints and that the only time he did not receive the materials he requested
was during a five-day period when his building was on security lockdown for a
shakedown and security would not allow her officers to enter to deliver legal
materials. She said she did not refuse to bring books to appellant, but rather,
“was not allowed on the building” and “could not deliver books.”  According to Ford’s testimony, appellant did
not receive hardback books because he was in high security and could not attend
the law library; the books themselves had to be kept in the library so that
general population inmates could access them. 
Horton confirmed both the dates of the shakedown and the policies and
security reasons that prohibited book deliveries during a shakedown.

          With regard to appellant’s claim that
he was denied visits with another inmate, Ford testified that she had approved the
visit, but security did not complete it because the other inmate had been moved
to 11 Building, which was reserved for inmates in solitary confinement or
prehearing detention. She said the failure to complete the visit was not her decision
to make:  “I did not deny the legal
visit. The legal visit was approved and security on [appellant’s] building felt
like there was justifiable grounds upon which to make the determination denying
it at that time because that offender had been moved to 11 Building.”

The
jury was entitled to believe Ford’s and Horton’s testimony rather than appellant’s.  See id.
at 761 (holding that factfinder is sole judge of
credibility of testimony and weight given to evidence).  Based on this evidence, a reasonable trier of
fact could have found that neither Ford nor Horton acted negligently or
prevented appellant’s access to courts.  See
Hutchison v. Pharris, 158 S.W.3d 554, 567 (Tex. App.—Fort Worth 2005, no
pet.) (holding that jury verdict was not against the
great weight and preponderance of the evidence when defense witnesses offered
testimony that contradicted the “heart” of appellant’s claims of negligence).  We overrule appellant’s second point.

Refusal
to Submit Appellant’s Jury Charge

          In his first point, appellant claims the trial court abused
its discretion by refusing to submit his proposed jury charge.[3]

Standard of Review

A
trial court must submit to the jury any instructions that are proper and
necessary to enable the jury to render a verdict.  Tex. R. Civ. P. 277.  An instruction is proper if it might assist
the jury in answering the submitted questions, correctly states the law, and is
supported by the pleadings and evidence.  Tex. R. Civ. P. 278; Thomas v. Uzoka, 290 S.W.3d 437, 443–44 (Tex. App.––Houston [14th
Dist.] 2009, pet. denied); Gibbins v. Berlin, 162 S.W.3d 335, 341 (Tex. App.––Fort
Worth 2005, no pet.).  However, the jury
should not be burdened with surplus instructions, even those that accurately
state the law.  Thomas, 290 S.W.3d at 444.

We
review a trial court’s decision to refuse a particular instruction under an
abuse of discretion standard.  Shupe v. Lingafelter, 192
S.W.3d 577, 579 (Tex. 2006).  When
a trial court refuses to submit a requested instruction on an issue raised by
the pleadings and evidence, we are to determine whether the instruction was
reasonably necessary to enable the jury to render a proper verdict.  Id.
 If so, the refusal to submit a requested
instruction will constitute reversible error only if the omission probably
caused the rendition of an improper judgment.  Id.

Analysis

          Appellant’s proposed jury charge contains
questions for each element of negligence, i.e., for each alleged negligent act
there is a separate question as to whether Ford owed appellant a duty, breached
that duty, and whether that duty was a proximate cause of damages to appellant.
 Rule 277 requires Texas courts to use
broad form jury charge submissions whenever feasible.  Tex. R. Civ. P. 277; Pack v. Crossroads, Inc., 53 S.W.3d 492, 515 (Tex.
App.—Fort Worth 2001, pet. denied).  The
charge the trial court gave the jury defined negligence and included duty,
breach, and causation in its negligence questions.[4]  Thus, the trial court did not abuse its
discretion by refusing to submit appellant’s proposed charge as to negligence
because it was not in proper broad form. 
See Tex. R. Civ. P. 277, 278; Mayes
v. Stewart, 11 S.W.3d 440, 455 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied).

          Appellant also contends that the trial
court abused its discretion by refusing to include his requested specific
questions asking whether Ford harassed and retaliated against him.  In his “Plaintiff Amends Second Amended
Complaint,” appellant clarified that he was suing Ford and Horton “in their
personal capacit[ies] under common-law negligence and
Texas Consitutioln [sic] for violating plaintiff’s rights of access to courts,
and for harassment, discouragement, and retaliation.”  He also specifically alleged that

. . . Ford violated
his constitutional right to be free from repraisal [sic] for filing grievances
for utilizing the grievance system free from harassment for requesting law
books[;]

 

. . . Ford retaliated
against [him] by placing him on law book restriction wherein he could not
receive any books from the law library. 
Such restriction was not supported by any alleged disciplinary infraction[; and]

 

. . . Ford
discouraged him from wanting to continue in doing his legal work.

 

The
trial court submitted instructions defining article 1, sections 13 and 19 of
the Texas Constitution and questions asking whether Ford or Horton violated
appellant’s rights under either section.[5]

To
the extent that appellant’s claims are based on violations of the Texas
Constitution, the charge given by the trial court specifically addressed
whether appellant’s were violated, and the jury
answered no.  To the extent that appellant’s
claims are based on section 1983 of the United States Code, the jury found that
Ford and Horton proved by a preponderance of the evidence that the allegations
against them arose from the performance of discretionary duties in good faith
within the scope of their authority; this finding shields them from liability
for such claims.[6]
 42 U.S.C.A. § 1983 (West 2003); see Wilson v. Layne, 526 U.S. 603, 614,
119 S. Ct. 1692, 1699 (1999); Newman v.
Kock, 274 S.W.3d 697, 705 (Tex. App.––San Antonio 2008, no pet.); McCartney v. May, 50 S.W.3d 599, 613
(Tex. App.––Amarillo 2001, no pet.) (holding that “[q]ualified
immunity against section 1983 claims requires proof of effectively the same
elements as official immunity under Texas law”).  Accordingly, we conclude and hold that the
requested instructions on harassment and retaliation were not reasonably
necessary to enable the jury to reach a proper verdict.

Appellant
also contends that the trial court abused its discretion by failing to submit
his proposed question as to whether Horton was liable for Ford’s actions under
a theory of respondeat superior. 
Although appellant pled respondeat superior as a theory of recovery against
Horton, he did not bring forward any evidence supporting that theory of
recovery against Horton.  See Baptist Mem’l Hosp. Sys. v. Sampson,
969 S.W.2d 945, 947–48 (Tex. 1998); see
also K.T. v. Natalia ISD, No. SA-09-CV-285-XR, 2010 WL 1484709, at *2 (W.D.
Tex. Apr. 12, 2010) (noting that governmental entity cannot be liable under
section 1983 under a theory of respondeat superior).  Accordingly, the trial court did not abuse
its discretion by refusing to submit appellant’s requested instruction on
respondeat superior.  See Shupe, 192 S.W.3d
at 579.

We
overrule appellant’s first point.

Due Process Complaint

          In his third point, appellant contends
the trial court violated his due process rights by deliberately ignoring his
proposed jury charge.  The record
reflects that the trial court held a jury charge conference.  During this conference, both parties had the
opportunity to present proposed charges and review the opposing side’s proposed
charge.  When asked about both his charge
and the State’s proposed charge, appellant stated, “[B]asically everything I
wanted in the Charge is in this Charge.  And I don’t have any objection to you cutting
it down.  I have cut it down once.  I have seen it.”  Appellant also said that he did not object to
appellees’ proposed charge.  Appellees
objected to appellant’s proposed jury charge, claiming that his charge raised
issues not properly before the court based on the pleadings.

The
trial court allowed both parties the opportunity to be heard on the issue
before it ruled that it would submit appellees’ proposed charge.  Appellant had the opportunity to submit his
own proposed charge and to be fully heard on any objections to appellees’
proposed charge.  Accordingly, we
conclude and hold that the trial court did not ignore appellant’s proposed
charge and, thus, did not deprive appellant of any due process right in the
jury charge submission process.  See In re B.L.D., 113 S.W.3d 340, 352
(Tex. 2003) (“The phrase ‘due process,’ although incapable of precise
definition, expresses the requirement of fundamental fairness.”) (citing Lassiter v.
Dep’t of Social Servs., 452 U.S. 18, 24, 101 S.
Ct. 2153, 2158 (1981)), cert. denied,
541 U.S. 945 (2004); see Mathews v.
Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893, 903 (1976) (identifying factors
to be balanced to determine if person has received due process under Fourteenth
Amendment).  We overrule appellant’s
third point.

Conclusion

          Having overruled appellant’s points,
we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT
and GARDNER, JJ.

 

DELIVERED:  August 11, 2011











[1]See
Tex. R. App. P. 47.4.





[2]Appellant
sought monetary damages for his negligence claims and a declaratory judgment
for his constitutional claims.





[3]Appellees
contend appellant failed to preserve error by failing to object to their
proposed charge.  However, appellant’s
complaint is not about appellees’ proposed charge, which the trial court
submitted; his complaint is that the trial court did not submit additional
instructions and questions in his proposed charge.  Thus, appellant’s submission of a proposed
charge preserved his complaint.  See Religious of Sacred Heart of Tex. v.
City of Houston, 836 S.W.2d 606, 614 (Tex. 1992).





[4]The
question the trial court submitted to the jury asked as to Horton and Ford
each:  “Did Plaintiff Curtis Francis
prove by a preponderance of the evidence the (1) breach (2) of a legal duty
owed to the Plaintiff Curtis Francis (3) which proximately caused damage to
Plaintiff’s previously filed lawsuit”?





[5]The
definitions included in the charge were as follows:  “Excessive bail shall not be required, nor
excessive fines imposed, nor cruel or unusual punishment inflicted.  All courts shall be open, and every person
for an injury done him, in his lands, goods, person or reputation, shall have
remedy by due course of law,” Tex. Const. art. I, § 13, and “No citizen of this
State shall be deprived of life, liberty, property, privileges or immunities,
or in any manner disfranchised, except by the due course of the law of the
land,”  Tex. Const. art. I, § 19.





[6]Appellant
does not challenge these findings.  He
does argue that the trial court abused its discretion by failing to submit his
proposed definition of bad faith, but this argument fails because the charge
actually given to the jury correctly defined “good faith” for immunity
purposes.  See Tex. R. Civ. P. 278 (requiring that charge be in “substantially
correct wording”).