

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00343-CV

CURTIS R. FRANCIS                                    APPELLANT

V.

DEBORAH FORD AND DANNY                               APPELLEES
HORTON

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Curtis R. Francis appeals a jury's take-nothing verdict for appellees Deborah Ford and Danny Horton. In three points, appellant asserts that the verdict is against the great weight and preponderance of the evidence, that the trial court abused its discretion by refusing to submit his proposed jury charge, and that the trial court violated his due process rights. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

This is the fourth appeal in this case to our court. *See Francis v. Horton*, No. 02-08-00328-CV, 2009 WL 579266, at *1 (Tex. App.—Fort Worth March 5, 2009, no pet.) (mem. op.); *Francis v. TDCJ-CID,* No. 02-06-00352-CV, 2007 WL 2460270, at *1 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.); *Francis v. TDCJ-CID*, 188 S.W.3d 799, 800 (Tex. App.—Fort Worth 2006, no pet.). Because the factual and procedural history of the case is well detailed in our previous opinions, we will only briefly summarize the facts relevant to this appeal.

Appellant, a TDCJ inmate, filed his pro se original petition in 2004, claiming, among other things, that Ford, the law library supervisor, had negligently denied his requests for legal visits with another inmate and negligently refused to timely provide him with books from the law library. Appellant amended his petition several times. The trial court dismissed some of his claims and granted summary judgment on others; appellant also abandoned some of his originally pled claims. The surviving claims that went to trial were appellant's claims that Ford was negligent and violated his constitutional rights by denying legal visits and by refusing to timely provide him with materials from the law library.[2] Appellant named Horton as a defendant under the theory of respondeat superior because he was one of Ford's supervisors. The jury found

---

[2]Appellant sought monetary damages for his negligence claims and a declaratory judgment for his constitutional claims.

that appellant was one hundred percent negligent, that appellees were zero percent negligent, that appellees did not violate appellant's rights under article 1, sections 13 and 19 of the Texas Constitution, and that appellees acted in good faith and within the course and scope of their authority in performing discretionary duties related to appellant's claims. Appellant appeals from the jury verdict against him.

## Sufficiency of the Evidence

In his second point, appellant claims that the jury verdict is against the great weight and preponderance of the evidence.

### Standard of Review

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Findings of fact are the exclusive province of the factfinder. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744–45 (Tex. 1986). When the party *with* the burden of proof appeals from a failure to find, the party must show that the failure to find is against the great weight and preponderance of the credible evidence. *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988); *see Gonzalez v.*

3

*McAllen Med. Ctr., Inc*., 195 S.W.3d 680, 681–82 (Tex. 2006). When conducting a factual sufficiency review, a court of appeals must not merely substitute its judgment for that of the trier of fact. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The trier of fact is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Id*.

**Analysis**

At trial, appellant testified that he properly requested but was denied visits with another inmate, a jailhouse lawyer who was to help appellant file a small claims suit. According to appellant, Ford denied him the visit. Appellant also testified that Ford put him on informal book restriction, denying him the materials he needed to file his suit and also sending him inadequate printouts of case law rather than the hardback books he requested. Appellant stated that he had to file grievances against Ford to finally get the materials he needed. Appellant claimed that because Ford withheld his visit and library materials, he filed his suit in the wrong court, which caused it to be dismissed. He also claimed that he could not meet deadlines in other suits because he could not get the books he needed.

Ford testified that she followed all established policies to ensure appellant adequate access to the courts. Ford explained that she investigated appellant's complaints and that the only time he did not receive the materials he requested was during a five-day period when his building was on security lockdown for a shakedown and security would not allow her officers to enter to deliver legal

4

materials. She said she did not refuse to bring books to appellant, but rather, "was not allowed on the building" and "could not deliver books." According to Ford's testimony, appellant did not receive hardback books because he was in high security and could not attend the law library; the books themselves had to be kept in the library so that general population inmates could access them. Horton confirmed both the dates of the shakedown and the policies and security reasons that prohibited book deliveries during a shakedown.

With regard to appellant's claim that he was denied visits with another inmate, Ford testified that she had approved the visit, but security did not complete it because the other inmate had been moved to 11 Building, which was reserved for inmates in solitary confinement or prehearing detention. She said the failure to complete the visit was not her decision to make: "I did not deny the legal visit. The legal visit was approved and security on [appellant's] building felt like there was justifiable grounds upon which to make the determination denying it at that time because that offender had been moved to 11 Building."

The jury was entitled to believe Ford's and Horton's testimony rather than appellant's. *See id.* at 761 (holding that factfinder is sole judge of credibility of testimony and weight given to evidence). Based on this evidence, a reasonable trier of fact could have found that neither Ford nor Horton acted negligently or prevented appellant's access to courts. *See Hutchison v. Pharris*, 158 S.W.3d 554, 567 (Tex. App.—Fort Worth 2005, no pet.) (holding that jury verdict was not against the great weight and preponderance of the evidence when defense

5

witnesses offered testimony that contradicted the "heart" of appellant's claims of negligence).  We overrule appellant's second point.

## Refusal to Submit Appellant's Jury Charge

In his first point, appellant claims the trial court abused its discretion by refusing to submit his proposed jury charge.[3]

### Standard of Review

A trial court must submit to the jury any instructions that are proper and necessary to enable the jury to render a verdict.  Tex. R. Civ. P. 277.  An instruction is proper if it might assist the jury in answering the submitted questions, correctly states the law, and is supported by the pleadings and evidence.  Tex. R. Civ. P. 278; *Thomas v. Uzoka*, 290 S.W.3d 437, 443–44 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Gibbins v. Berlin*, 162 S.W.3d 335, 341 (Tex. App.—Fort Worth 2005, no pet.).  However, the jury should not be burdened with surplus instructions, even those that accurately state the law. *Thomas*, 290 S.W.3d at 444.

We review a trial court's decision to refuse a particular instruction under an abuse of discretion standard.  *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex.

---

[3]Appellees contend appellant failed to preserve error by failing to object to their proposed charge.  However, appellant's complaint is not about appellees' proposed charge, which the trial court submitted; his complaint is that the trial court did not submit additional instructions and questions in his proposed charge. Thus, appellant's submission of a proposed charge preserved his complaint. *See Religious of Sacred Heart of Tex. v. City of Houston*, 836 S.W.2d 606, 614 (Tex. 1992).

2006). When a trial court refuses to submit a requested instruction on an issue raised by the pleadings and evidence, we are to determine whether the instruction was reasonably necessary to enable the jury to render a proper verdict. *Id*. If so, the refusal to submit a requested instruction will constitute reversible error only if the omission probably caused the rendition of an improper judgment. *Id*.

**Analysis**

Appellant's proposed jury charge contains questions for each element of negligence, i.e., for each alleged negligent act there is a separate question as to whether Ford owed appellant a duty, breached that duty, and whether that duty was a proximate cause of damages to appellant. Rule 277 requires Texas courts to use broad form jury charge submissions whenever feasible. Tex. R. Civ. P. 277; *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 515 (Tex. App.—Fort Worth 2001, pet. denied). The charge the trial court gave the jury defined negligence and included duty, breach, and causation in its negligence questions.[4] Thus, the trial court did not abuse its discretion by refusing to submit appellant's proposed charge as to negligence because it was not in proper broad form. *See* Tex. R. Civ. P. 277, 278; *Mayes v. Stewart*, 11 S.W.3d 440, 455 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

---

[4]The question the trial court submitted to the jury asked as to Horton and Ford each: "Did Plaintiff Curtis Francis prove by a preponderance of the evidence the (1) breach (2) of a legal duty owed to the Plaintiff Curtis Francis (3) which proximately caused damage to Plaintiff's previously filed lawsuit"?

7

Appellant also contends that the trial court abused its discretion by refusing to include his requested specific questions asking whether Ford harassed and retaliated against him. In his "Plaintiff Amends Second Amended Complaint," appellant clarified that he was suing Ford and Horton "in their personal capacit[ies] under common-law negligence and Texas Consitutioln [sic] for violating plaintiff's rights of access to courts, and for harassment, discouragement, and retaliation." He also specifically alleged that

> . . . Ford violated his constitutional right to be free from repraisal [sic] for filing grievances for utilizing the grievance system free from harassment for requesting law books[;]

> . . . Ford retaliated against [him] by placing him on law book restriction wherein he could not receive any books from the law library. Such restriction was not supported by any alleged disciplinary infraction[; and]

> . . . Ford discouraged him from wanting to continue in doing his legal work.

The trial court submitted instructions defining article 1, sections 13 and 19 of the Texas Constitution and questions asking whether Ford or Horton violated appellant's rights under either section.[5]

---

[5]The definitions included in the charge were as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law," Tex. Const. art. I, § 13, and "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land," Tex. Const. art. I, § 19.

8

To the extent that appellant's claims are based on violations of the Texas Constitution, the charge given by the trial court specifically addressed whether appellant's were violated, and the jury answered no. To the extent that appellant's claims are based on section 1983 of the United States Code, the jury found that Ford and Horton proved by a preponderance of the evidence that the allegations against them arose from the performance of discretionary duties in good faith within the scope of their authority; this finding shields them from liability for such claims.[6] 42 U.S.C.A. § 1983 (West 2003); *see Wilson v. Layne*, 526 U.S. 603, 614, 119 S. Ct. 1692, 1699 (1999); *Newman v. Kock*, 274 S.W.3d 697, 705 (Tex. App.—San Antonio 2008, no pet.); *McCartney v. May*, 50 S.W.3d 599, 613 (Tex. App.—Amarillo 2001, no pet.) (holding that "[q]ualified immunity against section 1983 claims requires proof of effectively the same elements as official immunity under Texas law"). Accordingly, we conclude and hold that the requested instructions on harassment and retaliation were not reasonably necessary to enable the jury to reach a proper verdict.

Appellant also contends that the trial court abused its discretion by failing to submit his proposed question as to whether Horton was liable for Ford's actions under a theory of respondeat superior. Although appellant pled

---

[6]Appellant does not challenge these findings. He does argue that the trial court abused its discretion by failing to submit his proposed definition of bad faith, but this argument fails because the charge actually given to the jury correctly defined "good faith" for immunity purposes. *See* Tex. R. Civ. P. 278 (requiring that charge be in "substantially correct wording").

respondeat superior as a theory of recovery against Horton, he did not bring forward any evidence supporting that theory of recovery against Horton. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947–48 (Tex. 1998); *see also K.T. v. Natalia ISD*, No. SA-09-CV-285-XR, 2010 WL 1484709, at *2 (W.D. Tex. Apr. 12, 2010) (noting that governmental entity cannot be liable under section 1983 under a theory of respondeat superior). Accordingly, the trial court did not abuse its discretion by refusing to submit appellant's requested instruction on respondeat superior. *See Shupe*, 192 S.W.3d at 579.

We overrule appellant's first point.

### Due Process Complaint

In his third point, appellant contends the trial court violated his due process rights by deliberately ignoring his proposed jury charge. The record reflects that the trial court held a jury charge conference. During this conference, both parties had the opportunity to present proposed charges and review the opposing side's proposed charge. When asked about both his charge and the State's proposed charge, appellant stated, "[B]asically everything I wanted in the Charge is in this Charge. And I don't have any objection to you cutting it down. I have cut it down once. I have seen it." Appellant also said that he did not object to appellees' proposed charge. Appellees objected to appellant's proposed jury charge, claiming that his charge raised issues not properly before the court based on the pleadings.

10

The trial court allowed both parties the opportunity to be heard on the issue before it ruled that it would submit appellees' proposed charge. Appellant had the opportunity to submit his own proposed charge and to be fully heard on any objections to appellees' proposed charge. Accordingly, we conclude and hold that the trial court did not ignore appellant's proposed charge and, thus, did not deprive appellant of any due process right in the jury charge submission process. *See In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003) ("The phrase 'due process,' although incapable of precise definition, expresses the requirement of fundamental fairness.") (citing *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 24, 101 S. Ct. 2153, 2158 (1981)), *cert. denied*, 541 U.S. 945 (2004); *see Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903 (1976) (identifying factors to be balanced to determine if person has received due process under Fourteenth Amendment). We overrule appellant's third point.

## Conclusion

Having overruled appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: August 11, 2011