

**IN THE
TENTH COURT OF APPEALS**

---

**No. 10-14-00077-CV**

**IN RE MEDTRONIC, INC. AND GARY DAVID WILLIAMS**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Medtronic, Inc. and Gary David Williams (hereinafter "Medtronic") have filed a petition for a writ of mandamus asking this Court to compel the Honorable Ken Keeling, presiding judge of the 278th District Court of Walker County, to set aside a sanctions order for improper contact with an expert witness and an order that granted the McAdamses' request for a spoliation instruction, awarded monetary sanctions, and excluded evidence pursuant to rule 215 of the rules of civil procedure for discovery abuse. We conditionally grant the petition in part, and deny it in part.

Mandamus is an extraordinary remedy, only available where the party seeking mandamus relief has established both a clear abuse of discretion by the trial court and

the lack of an adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

*Background Facts*

A pump that discharged morphine was implanted in Tina McAdams after back surgery. The McAdamses contend that Tina was told by hospital personnel at the time of her discharge that she should also continue taking all prescribed oral medications, which included morphine. Three days after Tina was discharged from the hospital, she passed away from what an autopsy determined to be morphine toxicity. Tina's estate and surviving family members filed a wrongful death suit against Medtronic, the manufacturer of the pump, and Williams, who was employed by Medtronic and who programmed the pump in the operating room, as well as the hospital and several members of the hospital staff.

During the discovery process, the McAdamses filed two motions for sanctions against Medtronic and Williams. The first was based on what the McAdamses alleged was an improper contact with the McAdamses' retained consulting expert by counsel for Medtronic, for which the McAdamses sought sanctions in the form of denying Medtronic and Williams the ability to call any expert witnesses or introduce other evidence that Tina's death was not caused by an overdose from the pump. The second motion was based on what the McAdamses contended was Medtronic's spoliation of the morphine that had been expelled from the pump after it was removed during the

autopsy. In the second motion, the McAdamses sought monetary sanctions to reimburse their counsel and expert for the cost of a trip to Medtronic's facility in Minnesota, a jury instruction regarding spoliation of evidence, and the exclusion of testimony regarding the amount of fluid that was or could have been in the pump after explantation.

After a hearing on both motions on March 28, 2013, the trial court granted the McAdamses' requested relief in full. Medtronic filed a motion to reconsider the trial court's rulings, which was held on February 28, 2014 and denied by the trial court. The McAdamses contend that the petition for a writ of mandamus should be barred by laches, which we will address first.

*Laches*

The McAdamses argue that mandamus should be barred by laches because Medtronic waited almost 3 months after the entry of the trial court's orders to file a motion to reconsider which was then not heard for several months, resulting in the hearing taking place 11 months after the entry of the trial court's order. We note initially that the issuance of a writ of mandamus is controlled largely by equitable principles even though it is not an equitable remedy. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). A delay in the filing of a petition for writ of mandamus may waive the right to mandamus unless the relator can justify the delay. *Id.*

Medtronic argues that the motion to reconsider was necessary to proceed with this mandamus action because "[a] party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam). Shortly after the trial court entered the orders, the judge became unavailable for an extended period of time due to medical leave, and after his return, the hearing was rescheduled once due to a weather closure. We do not find that in this proceeding laches is an appropriate basis on which to deny this petition.

*Sanctions—Expert Witness*

In its first issue, Medtronic complains that the trial court abused its discretion by granting the McAdamses' motion for sanctions due to its improper contact with an expert hired by the McAdamses. The McAdamses filed the motion alleging that Medtronic's trial counsel was told that the McAdamses had hired Dr. Wayne Snodgrass as a consulting expert on toxicology in January of 2012, an allegation which counsel for Medtronic strenuously denied. We will presume that the trial court resolved this factual dispute in the favor of the McAdamses. In the summer of 2012, Medtronic, in an effort to retain Snodgrass as an expert, contacted him and provided documents which it contends were privileged. In December of 2012, counsel for Medtronic stated that for the first time she heard the McAdamses' counsel say something about Snodgrass when they were all at Medtronic's facility for the testing of the pump. In January of 2013, after

confirming that Snodgrass had been retained by the McAdamses, counsel for Medtronic advised the McAdamses that Medtronic had been in contact with Snodgrass and provided him with privileged documents. Medtronic's trial counsel claimed that Snodgrass did not notify her prior to January of 2013 that he had been retained by the McAdamses. The McAdamses filed a motion for sanctions which sought as its only remedy the sanction which the trial court granted exactly as stated in their motion.

Medtronic asserts that the trial court abused its discretion by imposing death penalty sanctions for its conduct without considering lesser sanctions. The McAdamses, on the other hand, assert that the trial court's order does not impose "death penalty" sanctions. Therefore, we will next address whether the trial court's order imposed death penalty sanctions.

Discovery sanctions can be used to adjudicate the merits of a party's claims when a party's hindrance of the discovery process justifies a presumption that its claims lack merit, also known as a death penalty sanction. *Cire v. Cummings*, 134 S.W.3d 835, 841 (Tex. 2004). A death penalty sanction adjudicates a claim and precludes presentation of the merits of the case. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991) (orig. proceeding). Although death penalty sanctions are most often thought of in the context of striking pleadings or rendering a default judgment, any sanctions that are case determinative may constitute death penalty sanctions, including

those that exclude essential evidence. *GTE Commc'ns Sys. Corp.*, 856 S.W.2d at 732; *see also Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding).

Medtronic contends that the trial court's order imposes death penalty sanctions because it determines the issue of liability by forbidding it to introduce expert toxicology or pharmacological evidence regarding the functioning of the pump. The trial court's order granting the motion for sanctions for improperly contacting Snodgrass states that "Defendants shall be prohibited from introducing any toxicology (including pharmacological) expert evidence at the time of trial that the decedent, Tina McAdams' death did not occur from morphine toxicity as a result of an overdose of morphine that was dispensed from the Subject Pump."

The McAdamses counter that the trial court did not impose death penalty sanctions because the prohibition regarding expert testimony is not case determinative. The McAdamses contend that Medtronic will still be able to present evidence regarding its affirmative defenses and that the pump was used improperly after implantation.

The trial court's sanctions order states that certain facts shall be taken to be established, and Medtronic may not put on any evidence to the contrary. We conclude that the order imposes death penalty sanctions because it adjudicates the central issue to the case, that being that the pump caused the morphine toxicity which resulted in the death of Tina McAdams. *See TransAmerican Natural Gas Corp.*, 811 S.W.2d at 918. We therefore review the order under the standards applicable to death penalty sanctions.

When a court imposes death penalty sanctions that have the effect of adjudicating the dispute, but which do not result in the rendition of an appealable judgment, there is no adequate remedy by appeal. *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 919. Because the trial court's order constituted a death penalty sanction in the form of evidentiary sanctions, Medtronic has no adequate remedy by appeal and thus, mandamus is an appropriate vehicle to challenge the trial court's order.

*Consideration of Sanctions*

Medtronic argues that the trial court did not consider the imposition of lesser sanctions that would bear some nexus between the alleged conduct and the sanction. A trial court may not impose sanctions that are more severe than necessary to satisfy legitimate purposes. *Cire*, 134 S.W.3d at 839. Any sanction must be "just"; that is: (1) a direct relationship must exist between the offensive conduct and sanction imposed; and (2) a sanction must not be excessive. *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917.

Under the first prong, a direct relationship exists if a trial court directs the sanction against the abuse found and it remedies the prejudice caused to the innocent party. *Id.* This means that the trial court must also at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. *Id.*

Under the second prong, sanctions must not be excessive, and the trial court must have considered whether lesser sanctions were available that would have fully promoted compliance. *Id*. Generally, before a sanction that prevents a decision on the merits is justified, lesser sanctions must first be tested to determine their efficacy. *Cire*, 134 S.W.3d at 840. In all but the most exceptional cases, the trial court must actually test the lesser sanctions before striking pleadings. *Id*. at 842. In all cases, the record must reflect that the trial court considered the availability of appropriate lesser sanctions and must contain an explanation of the appropriateness of the sanction imposed. *Id*. The trial court need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction on the party before issuing the death penalty sanction; rather, the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed. *Id*. at 840.

The record demonstrates that counsel for Medtronic was the person who made contact with Snodgrass and who was responsible for providing him with privileged work product information from Medtronic. The record does not indicate that Medtronic or Williams were involved in the allegedly improper contacts with Snodgrass or that either of them was aware of Snodgrass's identity. Additionally, the record is silent regarding the trial court's consideration or attempt to impose lesser sanctions. We find that the trial court's order for improper contact of Snodgrass constituted an abuse of discretion because there is no direct relationship between the

contact of Snodgrass and the sanctions imposed as to Medtronic and Williams rather than their trial counsel. Further, we find that the trial court's order constituted an abuse of discretion because there is nothing in the record to show that the trial court attempted or even considered lesser sanctions prior to the entry of the death penalty sanction. We sustain issue one.

*Spoliation of Evidence*

In their second issue, Medtronic complains of the trial court's orders granting a presumptive spoliation jury instruction, awarding monetary sanctions, and excluding any evidence regarding what "was or could have been" the quantity or concentration of morphine that was contained in the bag with the pump from the time of the explantation of the pump. The pump had been explanted from Tina during the autopsy and was stored by the facility that performed the autopsy for approximately four years before the parties reached an agreement to have the pump tested at a Medtronic facility in Minnesota pursuant to an agreed protocol.

The pump was sent by Susan Jones, the administrator of the facility where the autopsy was performed, to Medtronic's facility in plastic Ziploc-type bags placed in a box. Jones averred that liquid had continued to be expelled from the pump after explantation, and that liquid was included in the bag when she placed it in a box for shipping. Upon arrival at Medtronic's facility in May of 2012, an employee opened the box and when he realized what the contents were, he resealed the box and placed it in

storage. The employee notified counsel for Medtronic, who did not inform the McAdamses' counsel.

The parties agreed to meet at Medtronic's facility in December of 2012 for testing. The McAdamses arranged for an expert to attend the testing on their behalf. When the box was produced, the McAdamses discovered that the box had been previously opened. When the box was reopened, it was discovered that there was no liquid in the bag with the pump and there were no visible signs that any liquid had leaked inside the box. The McAdamses were unable to measure or test the remaining liquid, which they contended was lost due to Medtronic's negligence or intentional act. The McAdamses filed a motion seeking monetary sanctions, a spoliation instruction, and the exclusion of testimony based on the loss of the liquid, which the trial court granted in its entirety. The order was entered as a sanction based on the alleged discovery abuse by Medtronic by opening the box containing the pump and liquid, and by failing to preserve the liquid within the box.

Generally, orders imposing discovery sanctions, including spoliation instructions, are reviewable on appeal from the final judgment. TEX. R. CIV. P. 215.3; *see also Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (review of decision to submit or refuse a particular instruction on appeal is under abuse of discretion standard); *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 724 (Tex. 2003) (spoliation jury instruction imposed as discovery sanction reviewed on appeal). Medtronic has not established that

remedy by appeal is inadequate to review this order relating to the spoliation instruction or the monetary damages. The trial court's jury instruction on spoliation does not constitute a death penalty sanction because it only creates a rebuttable presumption regarding the fluid in the pump. Likewise we do not find that the trial court's order regarding monetary sanctions or the limitation on evidence regarding the fluid that was or could have been in the pump constitutes a death penalty sanction, and therefore, Medtronic has an adequate remedy by appeal of that issue.

Because we conclude that Medtronic has an adequate remedy by appeal, mandamus review is not available for those issues. *Walker*, 827 S.W.2d at 844. We do not reach, and consequently express no opinion as to the correctness of the order, but only conclude that Medtronic has an adequate appellate remedy to address any alleged abuse of the trial court's discretion including the propriety of whether the spoliation instruction in its currently stated form should be included in the charge at the time of trial. We overrule issue two.

### Conclusion

We conclude that the trial court abused its discretion by imposing death penalty sanctions in the form of evidentiary sanctions against Medtronic relating to the improper contact with Snodgrass, and find that Medtronic does not have an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus, in part, and direct the trial court to vacate its March 28, 2013 order entitled

"Order Granting Plaintiff's Motion for Sanctions and for Relief under TRCP 215 for Improper Contact of Plaintiffs' Consulting Expert." The writ will only issue if the trial court does not act in conformity with this opinion. We deny the remainder of the petition regarding the second order entered that included the spoliation instruction, monetary sanctions, and evidence exclusion.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Conditionally granted in part, denied in part
Opinion delivered and filed May 22, 2014
[OT06]