

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00208-CV

**IN RE: THE COMMITMENT OF KAMERON DEDAN PEARSON, APPELLANT**

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 81562B, Honorable Titiana Frausto, Presiding

November 28, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Kameron Dedan Pearson appeals his civil commitment under the Texas Civil Commitment of Sexually Violent Predators Act ("SVP Act").[1] His sole issue on appeal concerns the trial court's refusal to include a requested instruction in the jury charge. We affirm.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.153.

## BACKGROUND

In 2010, when Pearson was a juvenile, he was adjudicated as a delinquent and placed on probation for two years after the trial court found that he had committed the offense of aggravated sexual assault of a child. His probation was revoked in 2011 based on the commission of three counts of sexual assault of a child, to which he pleaded guilty.[2] Pearson was placed on deferred adjudication and committed to the Texas Youth Commission. In 2014, Pearson was convicted of the offense of possession of child pornography and sentenced to eighteen years' confinement in the Texas Department of Criminal Justice. His deferred adjudication for the 2011 offenses was revoked and he was sentenced to fifteen years' imprisonment for each count, with the sentences to run concurrently.

In June of 2022, the State filed a petition to civilly commit Pearson as a sexually violent predator, alleging that he is a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. A jury trial was held. The jury found beyond a reasonable doubt that Pearson is a sexually violent predator. Pearson timely filed this appeal.

## ANALYSIS

During the charge conference, Pearson requested a separate instruction reading: "All persons are presumed not to be a sexually violent predator. No person may be determined to be a sexually violent predator unless the State proves each element in its

---

[2] The juvenile court certified Pearson to be tried as an adult.

cause of action beyond a reasonable doubt." The trial court denied the request. In his sole issue on appeal, Pearson asserts that the trial court's refusal to include the requested instruction was reversible error.

We review a trial court's decision to refuse a particular instruction in the charge for an abuse of discretion. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012). A trial court may refuse to give a requested instruction or definition that is not necessary to enable the jury to render a verdict, even if the instruction or definition is a correct statement of the law. *In re Commitment of Stuteville*, 463 S.W.3d 543, 554 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). "The omission of an instruction is reversible error only if the omission probably caused the rendition of an improper judgment." *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (per curiam).

Pearson's requested instruction was modeled on an instruction concerning the presumption of innocence applicable in criminal cases. *See Taylor v. Kentucky*, 436 U.S. 478, 483–86, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978); *Bennett v. State*, 396 S.W.2d 875, 875 (Tex. Crim. App. 1965) ("The presumption of innocence is the most valuable of defendant's rights, and a charge upon such subject is essential in every criminal case."). However, a civil commitment under the SVP Act is a civil matter, not a criminal trial. *In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005). The instruction requested by Pearson is not mandated by statute or by caselaw. Nothing in the SVP Act creates a presumption for either the State or the respondent in such proceedings.

The SVP Act requires the State to prove beyond a reasonable doubt that a person is a sexually violent predator. TEX. HEALTH & SAFETY CODE ANN. § 841.062(a); *In re*

*Commitment of Fisher*, 164 S.W.3d at 639–41. Here, the charge of the court correctly instructed the jury that the burden of proof rested upon the State and never shifted to Pearson. The charge further provided that the State had the burden of proving Pearson is a sexually violent predator "beyond a reasonable doubt." It instructed jurors that, if they had a reasonable doubt as to whether Pearson is a sexually violent predator, they "will say by [their] verdict that [Pearson] is not a sexually violent predator." We conclude that the jury charge adequately presented the issue of the burden of proof to the jury and that no separate instruction was necessary. *See In re Commitment of Stuteville*, 463 S.W.3d at 554 (no abuse of discretion in refusing separate jury instruction on "serious difficulty controlling behavior" where requested instruction was not statutory law and was not necessary to enable jury to render verdict).

We find no abuse of discretion in the trial court's refusal to instruct the jury that Pearson was presumed not to be a sexually violent predator. Accordingly, we overrule Pearson's sole issue.

### CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court.

Judy C. Parker
Justice

4